MARTIN ET AL., RECURRENTES, *v.* EL REGISTRADOR DE ARECIBO, RECURRIDO.

RECURSO gubernativo contra nota del Registrador de la Propiedad de Arecibo denegando la inscripción de una finca urbana.

No. 217.—Resuelto en marzo 4, 1915.

EDIFICIO LEVANTADO EN SUELO PROPIO—INSCRIPCIÓN EN EL REGISTRO.—El edificio levantado en *suelo propio* pertenece al dueño del suelo, y, con arreglo al prin-

cipio de que lo accesorio sigue a lo principal, no es necesaria la inscripción especial del edificio.

EDIFICIO LEVANTADO EN SUELO AJENO—INSCRIPCIÓN EN EL REGISTRO.—Cuando el edificio es construído en suelo ajeno, tanto el terreno como el edificio son cosas principales para los efectos de la ley hipotecaria y requieren inscripción separada a favor de cada dueño.

ID.—CONSENTIMIENTO DEL DUEÑO DEL SUELO PARA LA EDIFICACIÓN.—El hecho de que el dueño del suelo preste su consentimiento para la edificación no da a ésta el carácter de cosa accesoria, ni destruye el precepto del artículo 20 de la ley hipotecaria que requiere la inscripción previa del derecho a nombre del trasmitente para poder ser inscrito a nombre del comprador.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. A. F. Castro.*

El Registrador Sr. José Marcial López, compareció en nombre propio.

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

En 16 de enero de 1915 Juan N. Rodríguez vendió, por escritura pública, a los esposos Joseph Martin y Julia Barbé, cierta finca rústica conteniendo una casa de maderas del país, techada de zinc, dando frente a la carretera y otra de maderas techada de yaguas en mal estado. Entre las cláusulas del contrato hay una que, en lo pertinente, dice así: "Corresponde esta finca al Sr. Rodríguez por haberla adquirido en la siguiente forma: la casa techada de zinc, que mide por su frente a la carretera siete varas y seis por su fondo, por haberla construído a sus expensas en el mes de agosto de mil novecientos once    *    *    *."

Presentada la escritura en el Registro de la Propiedad de Arecibo, el registrador, el 25 de enero de 1915, la inscribió "sólo en cuanto al terreno y casa de maderas techada de yaguas hoy reconstruída y techada de zinc, suspendiéndose la inscripción en cuanto a la otra casa también de maderas techada de zinc enclavada en el mismo terreno, por no aparecer inscrita a favor del vendedor Don Juan N. Rodríguez Pérez ni de otra persona alguna."

No conformes los compradores con la nota del registrador en cuanto por ella se suspendió la inscripción de la casa

de que se ha hecho mérito, interpusieron el presente recurso
gubernativo para ante este Tribunal Supremo, citando en
apoyo de su contención el artículo 61 del Reglamento de la
Ley Hipotecaria y la jurisprudencia establecida por esta
Corte Suprema en el caso de *A. Sánchez y Ca., S. en C.*, v.
*El Registrador,* 16 D. P. R., 441, y por la Dirección General
de los Registros y del Notariado de España en su resolución
de 22 de agosto de 1863.

El registrador recurrido alegó en justificación de su nota
que el precepto de ley y la jurisprudencia citados por los re-
currentes no eran aplicables a este caso, ya que se refieren a
la fabricación en suelo propio, y del registro constaba que
la casa en cuestión no fué edificada por el dueño del terreno,
sino por otra persona para ella misma, con autorización del
dueño de la finca.

La historia de la casa, según el registro, es como sigue:
Fué edificada para sí mismo por Enrique Salas, con auto-
rización del entonces dueño de la finca Carmelo Salas, y ven-
dida luego, por su dueño a Juan N. Rodríguez y a Miguel E.
Miró por la misma escritura por la que Carmelo Salas ven-
dió la finca a los dichos Rodríguez y Miró. La escritura de
venta de la finca y de la casa se llevó al registro para su
inscripción y, en efecto, fué inscrita, pero solo en cuanto a
la finca. En cuanto a la casa, el registrador suspendió la
inscripción por no aparecer inscrita a favor del vendedor.
La nota del registrador, que tiene fecha 13 de julio de 1912,
fué consentida. Luego uno de los compradores de la finca
y de la casa, Miguel E. Miró, vendió al otro comprador Juan
N. Rodríguez, su participación en la finca y en la casa. Se
llevó al registro la escritura y se repitió el mismo caso, a
saber: se inscribió la venta del condominio en la finca y se
suspendió la del condominio en la casa. La nota del regis-
trador fué de igual modo consentida. Así las cosas, el dueño
de la finca y de la casa, Juan N. Rodríguez, celebró con los
esposos Martin el contrato a que se refiere este recurso, ha-
ciéndose constar en él, como dejamos expuesto, que la casa

de que se trata fué construída a sus expensas por el vendedor, contradiciendo así las constancias del registro demostrativas de que la casa la adquirió el vendedor por compra.

Al defender su nota, sostiene en su alegato el registrador, lo que sigue:

"Es evidente que el edificio levantado en suelo *propio* pertenece al dueño del suelo y que en este caso con arreglo al principio de que lo accesorio sigue a lo principal, no se requiere inscripción especial del edificio. (Por eso fué inscrita la casa techada de yaguas enclavada en la misma finca que fué reconstruida después.)

"Pero éste no es el caso presente. Aquí no hay nada accesorio, porque el suelo pertenecía a una persona y el edificio a otra, y por esa razón tanto el terreno como el edificio son cosas principales para los efectos de la Ley Hipotecaria, y requieren inscripción separada a favor de cada dueño.

"Ejemplo de ello son los solares que conceden gratuitamente los municipios para edificaciones, en que se inscriben aquéllos a favor de los municipios y las casas a favor de sus edificantes. La ley exime de la inscripción de los edificios tan sólo a los dueños del suelo en que se levantan, pero no a los que edifican en terreno ajeno.

"Por ello, cuando Don Carmelo Salas del Valle, vendió la finca rústica No. 4581 y Don Enrique de iguales apellidos la casa techada de zinc a Don Juan N. Rodríguez Pérez y Don Miguel E. Miró, el registrador tuvo en cuenta el precepto del artículo 20 de la Ley Hipotecaria que exige la inscripción previa a favor del trasmitente.

"El hecho de consignarse en la escritura por Don Carmelo Salas del Valle, que había prestado su consentimiento para edificar la casa en su terreno y que la casa formaba parte integrante de la finca, no desvirtúa, no destruye el precepto del artículo 20 de la ley, antes por el contrario, aclara y reconoce que la casa pertenecía a *distinto dueño*, y de aquí la necesidad legal de la inscripción previa a favor de éste para poder ser inscrita a favor del comprador.

"Además: los primeros compradores Don Juan N. Rodríguez Pérez y Don Miguel E. Miró Gubiana consintieron las notas de suspensión de inscripción de la casa, y tenía conocimiento el primero al vender la finca a los esposos Martín Barbé, que dicha casa no estaba registrada a su nombre.

"El registrador que suscribe no podía seguir otra conducta, sino suspender la inscripción de la casa por la razón antedicha de no estar

registrada a nombre del vendedor, ya que anteriormente había sido suspendida la inscripción y aceptada la calificación por los primeros compradores."

Las razones expuestas por el registrador son suficientes para sostener la nota recurrida. Debe declararse sin lugar el recurso.

*Confirmada la nota recurrida.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, Aldrey y Hutchison.