RODRÍGUEZ, RECURRENTE, *v.* REGISTRADOR DE SAN JUAN, SECCIÓN PRIMERA, RECURRIDO.

RECURSO gubernativo interpuesto contra nota del Registrador de la Propiedad de San Juan, Sección Primera, denegatoria de inscripción de escritura de arrendamiento.

No. 468.—Resuelto en julio 22, 1920.

INSCRIPCIÓN PREVIA—ARRENDAMIENTO—BIENES GANANCIALES.—Un arrendamiento de bienes gananciales otorgado por el esposo después de divorciado y cuyo contrato convinieron las partes que podía ser inscrito, es inscribible al ser ratificado como lo ratificó la que fué esposa del arrendador en la misma escritura en que mediante cierto precio cedió su participación en las ganancias de la sociedad conyugal al que fué su esposo, sin que sea necesario inscribir previamente a favor del cesionario los bienes arrendados.

ID. — ACCESIÓN — INSCRIPCIÓN DE CASA EDIFICADA EN SUELO INSCRITO. — Arrendada una finca que tiene una casa no es necesario inscribir la casa préviamente, pues se presume que lo accesorio, que es la casa, pertenece al dueño de lo principal, que es el suelo.

Los hechos están expresados en la opinión.

Abogados del recurrente: Sres. Soto Gras y Siaca.

El registrador recurrido compareció por escrito.

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

Estando divorciado Esteban Masson otorgó en 29 de diciembre de 1919 una escritura pública para consignar en ella el contrato privado de arrendamiento de dos fincas que había hecho a Ramón Rodríguez en 1º. de mayo de 1919 en el que convinieron que podía ser inscrito en el registro de la propiedad. Las fincas arrendadas son dos, teniendo la reseñada con la letra B una cuerda de terreno con una casa, procediendo de la Sucesión de Mauricio Guerra, y habiendo adquirido ambas fincas por compra.

En 9 de junio de 1920 Esteban Masson y Carolina Wolkers otorgaron escritura pública en la que pusieron término a sus diferencias en la liquidación de la sociedad conyugal que tuvieron y que fué disuelta por sentencia firme de divorcio; Carolina Wolkers hizo cesión a favor de Masson de todos sus derechos en dicha sociedad, por precio que recibió, quedando por virtud de su renuncia único y absoluto dueño Masson de los bienes de la sociedad conyugal, y convinieron además en que la escritura de arrendamiento de 29 de diciembre de 1919, antes mencionada, quedase ratificada como si Carolina Wolkers hubiera estado presente en ella y hubiera dado su conformidad para dicho contrato en la fecha en que fué otorgada a fin de que pueda tener validez y eficacia contra ella.

Presentados esos dos documentos en el registro de la propiedad para la inscripción del arrendamiento la negó el registrador porque previamente no se han inscrito los bienes a favor de Masson en virtud de la renuncia de derechos que hizo la que fué su esposa, en cumplimiento del artículo 20 de la Ley Hipotecaria; y denegó también la inscripción en cuanto a la casa que comprende la finca B por no aparecer inscrita la compra que de la misma hizo el Sr. Masson a la

sucesión de Mauricio Guerra, según se consigna en el documento.

El arrendatario Ramón Rodríguez interpuso el presente recurso gubernativo contra la resolución del registrador. .

El documento de 29 de diciembre de 1919 cuya inscripción interesa el recurrente fué otorgado por Masson después de estar divorciado, sin la intervención de Carolina Wolkers, pero ésta lo ha ratificado en la otra escritura de 9 de junio de 1920. Se trata, pues, de inscribir un contrato de arrendamiento otorgado antes de la liquidación de la sociedad conyugal disuelta y por tanto es bastante con que ambos socios hayan prestado su conformidad al contrato. Es cierto que Carolina Wolkers prestó su consentimiento en el mismo documento en que renunció todos sus derechos a esas fincas a favor de su esposo, pero como no se trata de inscribir un contrato de arrendamiento otorgado por Masson como dueño actualmente de ellas sino un contrato otorgado cuando la sociedad conyugal no estaba liquidada, no es necesario que previamente inscriba Masson las fincas a su solo nombre y por consiguiente no es de aplicación el artículo 20 de la Ley Hipotecaria preceptivo de que para la inscripción o anotación de títulos en que se transfiera o grave el dominio o la posesión de bienes inmuebles o derechos reales deberá constar previamente inscrito o anotado el derecho de la persona que otorgue o en cuyo nombre se haga la transmisión o gravamen.

En cuanto al otro fundamento de negativa con respecto a la casa que está edificada en la finca letra B no es necesario tampoco que previamente sea inscrita esa construcción a favor de la sociedad conyugal de Masson con Carolina Wolkers, ni tampoco a nombre de la sucesión de Mauricio Guerra, pues si éste fué quien la fabricó le correspondía su propiedad por haberla edificado en suelo propio y la trasmitió con la finca y si la fabricaron los esposos Masson tam-

bién les pertenecía y pudieron darla en arrendamiento sin tener que inscribirla especialmente.

La nota recurrida debe ser revocada y ordenarse la inscripción.

*Revocada la nota y ordenada la inscripción.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Hutchison.