NADAL, RECURRENTE, *v.* EL REGISTRADOR DE SAN GERMÁN,
RECURRIDO.

RECURSO gubernativo contra nota del Registrador de la Propiedad de San Germán denegatoria de inscripción de una escritura de compraventa.

No. 513.—Resuelto en enero 20, 1922.

ARTÍCULO 6 DE LA LEY HIPOTECARIA—DERECHO A PEDIR LA INSCRIPCIÓN—NOTA NO CONSENTIDA.—El derecho que tiene el vendedor, de acuerdo con el artículo 6 de la Ley Hipotecaria, para obtener la inscripción de su contrato no puede ser perjudicado por el hecho de que su comprador hubiera consentido anteriormente una nota del registrador negando la inscripción.

Los hechos están expresados en la opinión.

Abogado de la recurrente: *Sr. A. A. Vázquez.*

El registrador recurrido compareció por escrito.

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

Por la escritura pública No. 19 de 10 de febrero de 1921, Gonzalo Arán Soler compró cierta finca y presentó copia de dicho contrato en el Registro de la Propiedad de San Germán para que fuera inscrita a su favor pero en 30 de mayo de 1921 el registrador negó la inscripción por cinco fundamentos que expuso al pie de la misma. En 6 de julio siguiente le fué presentada nuevamente dicha copia notarial con otro documento y el registrador le puso nota denegando la conversión de la anotación preventiva en inscripción definitiva porque el documento acompañado con la escritura sólo subsanaba uno de los cinco defectos que según su nota anterior impedían la inscripción. Otra vez fué presentada la propia copia notarial con otro documento y en 21 de septiembre fué negada nuevamente la conversión de la anotación en inscripción porque el nuevo documento acompañado con la escritura sólo subsanaba otro de los defectos consignados cuando negó la inscripción.

En tal estado las cosas, Carmen María Nadal, una de las

vendedoras a Arán, obtuvo otra copia notarial del contrato
de venta y en 24 de octubre de 1921 la presentó en el registro
con un documento igual a uno de los que antes había sido
presentado. Al calce de dicha copia notarial puso el regis-
trador la siguiente nota:

"La inscripción del documento que precede que es una copia de
la escritura No. 19 otorgada en Mayagüez el día 10 de febrero último
ante el notario Angel A. Vázquez no procede, porque a virtud del
documento complementario que a la misma se acampaña, que es una
certificación expedida por Enrique Báez, Secretario de la Corte de
Distrito de Mayagüez, sobre mandamiento y diligenciamiento por
el marshal en el caso civil No. 7617 sobre acción hipotecaria proce-
dimiento sumarísimo, solamente se subsana uno de los cinco defectos
insubsanables que motivaron la nota denegatoria de inscripción puesta
al calce de otra copia de la misma escritura No. 19 arriba citada que
entonces se presentó, y cuya nota denegatoria de inscripción es de
fecha 10 de junio último, fué notificada el mismo día al presentante,
no ha sido recurrida para ante el Hon. Tribunal Supremo de Puerto
Rico dentro del término legal, y está, por tanto, consentida. Se ex-
presa además, que dicha otra copia de la mencionada escritura No.
19 fué presentada de nuevo en unión de la misma certificación que
ahora se presenta y arriba se cita, y la conversión de las anotaciones
preventivas en inscripciones definitivas solicitada entonces fué dene-
gada por la misma razón arriba aducida que se consignó en nota
puesta al calce de dicha escritura No. 19 con fecha dos de septiembre
último, fué notificada al presentante en veintiséis de dicho mes, no
ha sido recurrida y está también consentida dicha nota; siendo, por
tanto, la presente una reproducción de la precitada de fecha dos de
septiembre último. Y no se extienden anotaciones preventivas de
dicha denegación en lugar de la inscripción ahora solicitada, por no
ser reiterables. San Germán, noviembre 1 de 1921."

Como se ve, el registrador no calificó la escritura que
últimamente se le presentó y se limitó a consignar que es-
tando consentida su negativa de inscripción de otra copia
de dicha escritura que se le había presentado antes, sólo se
subsanaba con el documento que a ella se acompaña uno de
los cinco motivos que tuvo para denegar la inscripción. En

consecuencia en el presente recurso gubernativo que contra tal nota ha interpuesto Carmen María Nadal la cuestión planteada es que teniendo ella derecho de pedir la inscripción debió el registrador hacerla cuando ella la solicitó o expresar los motivos que tuviera para negarla; a lo que contesta el registrador que si bien la primera presentación del documento la hizo Gonzalo Arán, las otras presentaciones del documento para subsanar los defectos que impidieron la inscripción fueron hechas a nombre de Gonzalo Arán, de Cristina Carrión y de Carmen María Nadal. A esto replica la última que si en el diario del registro se hizo constar tal cosa esto en nada le afecta pues no habiendo ella presentado hasta entonces documento alguno para que fuera inscrito no queda obligada por los defectos que el registrador consignó en la copia notarial que le presentó Gonzalo Arán, ni podía pedir su subsanación.

Dispone el artículo sexto de la Ley Hipotecaria que la inscripción de los títulos en el registro podrá pedirse indistintamente por el que transmite el derecho; por el que lo adquiera; por quien tenga interés en asegurar el derecho que se deba inscribir, y por quien tenga la representación legítima de cualquiera de ellos; y de acuerdo con este precepto, en el caso de *El Pueblo* v. *El Registrador*, 22 D. P. R. 803, que fué interpuesto por el arrendador contra la negativa del registrador a inscribir un contrato de arrendamiento, inscripción que fué solicitada después de haber sido negada la que del mismo contrato había sido pedida por el arrendatario y consentida por éste, citando lo que habíamos dicho en el caso de Behn contra el Registrador, 21 D. P. R. 513, 525, dijimos lo siguiente:

"También debemos en justicia hacer constar que lo resuelto por el registrador obliga en este caso, dentro del orden administrativo, al arrendatario que presentó el documento y consintió la resolución, más no al arrendador que en nada intervino en el registro. Esta

cuestión está resuelta por la ley y la jurisprudencia.  Artículo 6 de la Ley Hipotecaria; *Colonial Company* v. *El Registrador*, 1 D. P. R. 396, 401.''

En armonía, pues, con la ley y nuestras decisiones, debió el registrador hacer la inscripción que le pidió Carmen María Nadal o negarla exponiendo los motivos que tuviera para ello y no debió limitarse a decir que ya había negado la inscripción pedida por Arán, que estaba consentida esa negativa y que los documentos que le presentaba la recurrente no subsanaban los defectos que había consignado antes, pues la recurrente no había pedido antes la inscripción del contrato por lo que no le obligaba la negativa de inscripción que dió el registrador a la petición de Gonzalo Arán y por tanto no tenía ella que subsanar defecto alguno, aunque se haya hecho constar en el diario del registro que había presentado documentos con tal fin.

Por las razones expuestas la nota recurrida debe ser revocada, debiendo el registrador hacer la inscripción que solicita Carmen María Nadal o denegarla si no fuere procedente, exponiendo las razones que tenga para ello.

*Revocada la nota recurrida.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Wolf y Hutchison.