Rodríguez, Recurrente, *v.* El Registrador de San Juan, Recurrido.

Recurso gubernativo contra nota del Registrador de la Propiedad de San Juan, Sección Primera, denegatoria de inscripción de una edificación.

No. 524.—Resuelto en mayo 16, 1922.

Inscripción Previa—Accesión.—Cuando el suelo y la edificación pertenecen a distintos dueños, no puede reputarse ésta como accesoria de aquél; ambas son cosas principales, por lo que a los fines de la Ley Hipotecaria se requiere la inscripción separada a favor de cada dueño.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. E. Campillo.*

El registrador recurrido compareció por escrito.

El Juez Asociado Sr. Franco Soto, emitió la opinión del tribunal.

Por escritura ante el notario Enrique Campillo Abrams, otorgada en 21 de febrero de 1922, José Rodríguez Valldejuli adquirió por compra a Juan Hernández una casa y solar. En la escritura de compraventa se hace constar que el solar lo adquirió el vendedor por compra a Blanca, Elisa y Ernesto Cerra Andino por escritura otorgada en diciembre 14, 1920, y la casa la hubo por compra a María Escobar López, mediante escritura otorgada ante el notario Eduardo H. F. Dottin en 4 de noviembre del mismo año.

Presentada la escritura de 21 de febrero de 1922 al Registro de la Propiedad de San Juan, Sección Primera, para su inscripción el registrador efectuó la inscripción en cuanto al solar, pero denegó la inscripción de la casa, poniendo al pie del documento la siguiente nota:

"Inscrito el precedente documento en cuanto al solar únicamente, al folio 213 vto. tomo 31 de Santurce Sur, finca número 2045, inscripción 4ª. y denegada la inscripción en cuanto a la casa, porque expresándose en este documento que la hubo por compra mediante otra escritura no se halla inscrita a su favor, requisito indispensable, y tomada en su lugar anotación preventiva por el término legal en el mismo asiento."

De esta nota José Rodríguez Valldejuli recurrió ante esta corte, solicitando la revocación de la misma y en su consecuencia que se ordene la inscripción denegada en cuanto a la casa.

La cuestión legal que presenta el recurrente es que el registrador incurrió en error al no aplicar el Código Civil en materia de accesión y así denegar la inscripción de la casa, considerándola como una accesión al solar previamente inscrito en el registro. Pero este aspecto del asunto sería aplicable si se tratara de edificaciones o mejoras hechas por el mismo dueño del solar. En tal caso no era necesario una inscripción separada del solar en cuanto a aquellas edificaciones y mejoras y sí bastaría una descripción que se hiciera constar en documento público de las referidas edificaciones o de las mejoras hechas por el dueño del solar. Pero éste no es el caso. Resulta de los hechos que el recurrente adquirió el solar y casa de diferentes personas por título de compra. No aparece la casa inscrita a nombre del transmitente ni de otra persona alguna. Parece que se ha dado el derecho a edificar a persona diferente del dueño del solar y como natural consecuencia se trata de un derecho que adquiere un tercero. Siendo esto así, no había que considerar

la accesión como título de adquirir y sí la compraventa, ambas cosas solar y casa resultan cosas principales, y entonces habíamos de aplicar los artículos 2 y 20 de la Ley Hipotecaria, debiendo constar inscrita previamente la casa conforme a lo que prescribe la citada Ley Hipotecaria para todos los casos en que se transfiere o grava el dominio o la posesión de bienes inmuebles o derechos reales.

Repetidamente se ha presentado la misma cuestión envuelta en el presente caso ante esta corte, y la jurisprudencia sostenida es que cuando el suelo y edificaciones pertenecen a distintos dueños, se trata de cosas principales, y no una accesión de la otra, y para los efectos de la Ley Hipotecaria se requiere la inscripción separada a favor de cada dueño. Véanse las siguientes decisiones: *Martín* v. *Registrador,* 22 D. P. R. 150; *Santos* v. *Registrador,* 27 D. P. R. 852; *Marcano* v. *Registrador,* 20 D. P. R. 525.

Se llama la atención por el recurrente que el registrador por la inscripción segunda había inscrito sin dificultad una hipoteca que el vendedor Juan Hernández Acevedo había constituído a favor de Antonio Andino Lloveras. Esto lo consideramos inmaterial. Aparte de que la hipoteca fué cancelada, según consta del record, si el registrador obró equivocadamente, eso no le obliga para continuar en el error, toda vez que en la inscripción de la hipoteca lo que se hizo fué una mención de la casa y no una inscripción separada.

La nota del registrador debe ser confirmada.

*Confirmada la nota recurrida.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Wolf, Aldrey y Hutchison.