CRÍSPULO OLIVERAS MERCADO, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE SAN GERMÁN, recurrido.

No. 690.—*Sometido:* Noviembre 7, 1927. *Resuelto:* Diciembre 6, 1927.

1. DONACIÓN—INTER VIVOS—INSCRIPCIÓN—DENEGATORIA DE INSCRIPCIÓN—FALTA DE INSCRIPCIÓN PREVIA A FAVOR DEL DONATARIO.—Para poder inscribir una casa que, construída en suelo ajeno, es adquirida por otros a título de donación, es necesaria la inscripción previa de la edificación a favor del o los donantes.

2. RECURSOS GUBERNATIVOS—REVISIÓN—CUESTIONES A CONSIDERAR Y RESOLVER—EN GENERAL.—Aceptado uno de los motivos del registrador para negar una inscripción solicitada, huelga dictar pronunciamiento alguno sobre los demás.

NOTA de *Luis Capó Matres,* R. (San Germán), denegando inscripción a favor de unos cesionarios, de una edificación en suelo ajeno. *Confirmada.*

*F. Otero Rivera,* abogado del recurrente; El registrador recurrido no compareció.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

En el Registro de la Propiedad de San Germán fué presentada para su inscripción una escritura pública en la que comparecieron el alcalde de Yauco y don Críspulo Oliveras Mercado por sí y como mandatario de Blas, Fundador, Micaela, Ramón, Angelina y Carmen, todos de apellidos Oliveras Mercado, y también de Justa Beatriz Orca Mercado. En ese documento se inserta una ordenanza del municipio de Yauco concediendo a don Críspulo Oliveras Mercado y a las otras personas por él representadas en la escritura el usufructo de un solar de dicho municipio, sujeto a ciertas condiciones, y el alcalde les transmite en ella el expresado usufructo. En la misma declara don Críspulo Oliveras Mercado por sí y por sus mandatarios que son dueños en la proporción de una octava parte de la casa que enclava en el mencionado solar y que esa octava parte les pertenece a cada uno pro indiviso por donación que les hicieron don Ambrosio Oliveras Delgado y doña Juana Ramona Mercado.

El registrador de la propiedad inscribió la cesión de uso y aprovechamiento del solar a favor de todos los interesa-

dos pero negó la inscripción de la casa por no aparecer inscrita a nombre de los donantes ni de ninguna otra persona, citando el artículo 20 de la Ley Hipotecaria, y porque Críspulo Oliveras Mercado no puede hacer declaraciones adquisitivas de propiedad en nombre de los otros interesados por no estar debidamente autorizado para ello por el correspondiente poder, y tomó anotación preventiva de esa negativa haciendo constar el defecto subsanable de no haberse acreditado el estado civil que tenían los adquirentes cuando les donaron la casa y el de no haber sido aceptado en forma legal el contrato por todos los interesados con excepción de Críspulo Oliveras Mercado. Contra esa negativa interpuso don Críspulo Oliveras Mercado este recurso gubernativo.

[1] Hemos declarado en el caso de *Martín* v. *Registrador*, 22 D.P.R. 150, que el edificio construído en suelo propio pertenece al dueño del suelo y no es necesaria su inscripción con arreglo al principio de que lo accesorio sigue a lo principal, pero que cuando es construído en suelo ajeno tanto el terreno como el edificio son cosas principales para los efectos de la Ley Hipotecaria y requieren inscripción separada a favor de cada dueño, así como que el hecho de que el dueño del suelo preste su consentimiento para la edificación no da a ésta el carácter de cosa accesoria, ni destruye el precepto del artículo 20 de la Ley Hipotecaria que requiere la inscripción previa del derecho a nombre del transmitente para poder ser inscrito a nombre del comprador; doctrina que es aplicable al presente caso porque el suelo pertenece al municipio de Yauco y la edificación a otra persona; y manifestando el recurrente por sí y por sus representados que adquirieron la casa de don Ambrosio Oliveras y de doña Juana Ramona Mercado por donación que éstos les hicieron, es necesario para la inscripción a favor de los donatarios que previamente esté inscrita la edificación a favor de los donantes, de acuerdo con el artículo citado.

[2] Aceptado uno de los motivos que tuvo el registrador

para negar la inscripción, huelga dictar pronunciamiento alguno sobre los demás. *Vidal v. Registrador*, 12 D.P.R. 158.

*Por el motivo expresado la negativa de inscripción debe ser confirmada.*