MAGDALENA BERMÚDEZ RODRÍGUEZ, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE MAYAGUEZ, recurrido.

No. 809 *Sometido:* Abril 23, 1930. *Resuelto:* Julio 22, 1930.

*De la Torre & Ramírez* y *A. Ramírez,* abogados de la recurrente; el registrador recurrido compareció por escrito.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Doña Buenaventura Ortiz de Renta representada por Don Buenaventura Cancel compareció ante el notario público Don Mariano Riera Palmer el 16 de marzo de 1901 y cedió, renunció y traspasó a favor de Don Abdón Ortiz de Renta todos sus derechos y acciones a la herencia de sus padres. Don Abdón, que también compareció, aceptó el contrato que se efectuó por el convenido precio de mil quinientos dólares.

Parece que el documento se inscribió en el registro con los defectos subsanables de no acompañarse el poder ostentado por Cancel, ni expresarse el estado civil de Doña Buenaventura Ortiz. Así las cosas, para subsanar los defectos, se presentó en el registro una nueva copia de la escritura de cesión acompañada del poder que constaba en escritura pública otorgada en 8 de marzo de 1898 ante el propio notario Riera Palmer. Y el registrador negó la subsanación por observar "que la escritura de poder No. 697 relacionada adolece de un defecto insubsanable porque expresando el notario autorizante que la otorgante Buenaventura Ortiz de Renta y Cuebas no sabe firmar y a sus ruegos lo hace el testigo Fer-

nando Vázquez, debió firmar éste escribiendo de su puño en antefirma que lo hace por sí, como testigo y a nombre de dicha otorgante, y no apareciendo del documento relacionado que lo hizo así, carece de eficacia legal su firma y es nula la citada escritura de poder no produciendo ningún efecto legal por contravenir el precepto del artículo 53 del Reglamento de la Ley Notarial de 29 de octubre de 1873 que regía en la fecha del otorgamiento de la misma, cuyo defecto está establecido por la jurisprudencia de la Corte Suprema de Puerto Rico en los casos de *Rodríguez* v. *Registrador* y *Villanueva* v. *El Registrador* 14 y 18 D.P.R. 738 y 831, respectivamente.''

La nota del registrador negando la subsanación tiene fecha 14 de noviembre y fué notificada a la parte que presentó los documentos el 3 de diciembre de 1929.

Venció el término que dicha parte tenía para recurrir para ante esta Corte Suprema y nada hizo. Fué el 24 de marzo de 1930 que presentó al registrador un escrito solicitando que reconsiderara su nota por entender que el poder era válido de acuerdo con la jurisprudencia sentada por esta Corte Suprema en el caso de *Náter* v. *Navedo,* 39 D.P.R. 787. El registrador negó la reconsideración así:

"El Registrador de la Propiedad que suscribe entiende que no ha lugar a dicha reconsideración y ratifica su nota denegatoria de 14 de noviembre de 1929 aludida por no ser igual la teoría en el caso de la misma a la del caso antes citado, indicando además que no existe ningún caso resuelto por la Hon. Corte Suprema de Puerto Rico después de los citados en dicha nota ratificada que pueda perturbar la regla de *stare decisis* que los mantiene; y no se extiende nueva anotación preventiva por no ser reiterable, pero no obstante, se notifica de nuevo la nota ratificada y la presente a los efectos de que puedan ser recurridas.''

La parte interesada interpuso entonces el presente recurso gubernativo, y la primera cuestión que surge es la de si habiéndose dejado fenecer el término para recurrir de la nota de 14 de noviembre de 1929, puede ahora dicha nota revisarse a virtud del recurso interpuesto contra la nota que

negó la reconsideración. Dada la jurisprudencia ya establecida por esta corte, no puede, pero aun en el caso de que pudiera, la nota debería ser confirmada.

En el recurso gubernativo de *Behn* v. *Registrador,* 21 D. P.R. 513, se decidió que:

"Cuando, como en el caso de autos, se presenta al registro de la propiedad un documento para su inscripción y es ésta denegada y la parte no recurre contra dicha nota dentro del término legal, se entiende que la consiente, y si dicha parte presenta de nuevo el documento acompañado de otros que a su juicio subsanan los defectos señalados por el registrador, en el caso de que el registrador insista en su negativa, la parte interesada podrá recurrir para ante este tribunal, pero en el recurso sólo podrá discutirse si los defectos señalados en la primera nota consentida fueron o no debidamente subsanados."

De acuerdo con esa regla el campo de acción por parte de la corte estaría limitado a decidir si la cita del caso de *Náter* v. *Navedo, supra,* constituye una subsanación del defecto apuntado por el registrador.

El caso, si bien ilustra la cuestión no la decide. Es una Real Orden que invoca la parte apelante en su alegato lo que verdaderamente puede, quizá, tener importancia decisiva en el asunto, y esa Real Orden no se citó al registrador a su debido tiempo.

Ahora bien, ni las puertas del registro ni las de esta corte en su caso, están cerradas por completo. Se trata de un contrato. Una parte trató de subsanar los defectos apuntados en la inscripción primitiva del mismo. Negó la subsanación el registrador y la parte consintió. Para ella terminó el procedimiento. Pero existe la otra parte y ella puede gestionar de nuevo la inscripción del contrato sin defecto y obtener que también de nuevo considere el registrador su caso.

Al decir esto, nos basamos en el precedente establecido en el caso de *El Pueblo* v. *El Registrador,* 22 D.P.R. 803, en el que se resolvió, tomando del sumario: "Cuando una nota

es consentida en la vía gubernativa por la parte recurrente, debe estar y pasar dicha parte por las consecuencias de sus propios actos.'' ''La desestimación de un recurso gubernativo por no haber sido interpuesto en tiempo por el recurrente, ha de entenderse sin perjuicio de los derechos que puedan asistir a otras partes interesadas que en nada han intervenido en el registro para pedir la inscripción del mismo documento y recurrir gubernativamente de la calificación del registrador. *Véase Colonial Company* v. *El Registrador,* 1 S.P.R. 396, 401.''

*Por virtud de todo lo expuesto debe confirmarse la nota recurrida.*

El Juez Asociado Señor Wolf disintió.*