Santos Jiménez Solá, recurrente, *v.* El Registrador de la
Propiedad de Caguas, recurrido.

Núm. 1122.—*Sometido:* Mayo 28, 1943. *Resuelto:* Julio 14, 1943.

*Enrique Rincón,* abogado del recurrente; el registrador recurrido compareció por escrito.

EL JUEZ ASOCIADO SEÑOR TRAVIESO emitió la opinión del tribunal.

El recurrente adquirió por compra a los esposos Ramón Díaz Reyes y Rosa Caballero un solar radicado en Caguas. Presentada al registro la escritura de compraventa, se negó el registrador a inscribirla "por no hallarse previamente inscrito el solar objeto de la venta a favor de los esposos vendedores".

Con el propósito de subsanar la dificultad señalada por el registrador, el recurrente presentó entonces para su inscripción la escritura por la cual adquirieron los esposos Díaz–Caballero del Alcalde de Caguas el solar en cuestión. Negóse, también en esta ocasión, a inscribir el registrador "por haberse tomado anotación preventiva del mismo documento . . . . a virtud de otra copia presentada° en diciembre 2 de 1942 cuya inscripción fué denegada por los fundamentos consignados en la nota puesta al calce de la primera copia". La fecha de esta nota es de 20 de abril de 1943. La nota anterior, a que se hace referencia, denegaba la inscripción del traspaso del solar en cuestión "por resultar del Registro que al adquirir Ramón Díaz Reyes la casa ubicada en un solar del Municipio de Caguas, en diciembre diez de mil novecientos veintitrés, también adquirió los derechos inherentes sobre el solar en que la misma enclava, al hipotecarla a favor de Bartolomé Esteva Flaquer se hizo extensiva dicha hipoteca a los derechos adquiridos sobre el solar, según lo dispuesto en el apartado tercero del artículo ciento siete de

la Ley Hipotecaria; y al adjudicarse la finca hipotecada al señor Esteva Flaquer en cobro de su crédito, éste adquirió todos los derechos sobre el inmueble hipotecado; y resultando que tanto la casa como los derechos adquiridos sobre el solar figuran inscritos actualmente a favor de Isidoro Alvarez . . . ''.

No conforme con la denegatoria del registrador, interpuso Santos Jiménez Solá el presente recurso contra dicha nota.

Alega el recurrente en su escrito que el registrador cometió error de derecho al denegar la inscripción del título de compraventa de Ramón Díaz, en que se fundó para denegar la inscripción del título del recurrente, ya que de acuerdo con el inciso 3 del art. 107 de la Ley Hipotecaria el solar objeto de la venta nunca respondió del crédito hipotecario que sobre el edificio construído en él pesaba. Además sostiene el recurrente que el presente no es un recurso interpuesto contra una nota consentida, sino contra una nota denegando una inscripción y basada en una nota anterior consentida.

Contestadas por el registrador recurrido las alegaciones anteriores exponiendo razones en contrario a las mismas, toca a este tribunal resolver a cuál de las partes asisté la razón.

El recurrente acude ante este tribunal en el ejercicio del derecho que le confiere la ley de 1 de marzo de 1902 (Estatutos Revisados de 1911, §2180 y sigtes., pág. 450) contra las resoluciones de los registradores de la propiedad. Alega el registrador recurrido que el recurrente ''pretende revivir la nota denegatoria no recurrida presentando por segunda vez la escritura en el registro''. Alega además, que habiendo sido consentida la nota original denegando la inscripción, el recurrente no podía revivir la misma presentándola otra vez, razón por la cual se debe desestimar el recurso. En apoyo de su contención cita una serie de casos de este tribunal algunos de los cuales no son de aplicación por tratarse de ca-

sos en que la misma parte que consentía la nota era la que volvía a presentarla por segunda vez, lo cual ha resuelto este tribunal que no puede hacerse. Véanse los casos de *Barreras* v. *Registrador,* 15 D.P.R. 556; *Noriega* v. *Registrador,* 15 D.P.R. 674 y *Hernández* v. *Registrador,* 14 D.P.R. 795, citados por el registrador recurrido.

En el caso de autos la nota denegatoria de inscripción fué consentida por Díaz de quien adquirió el recurrente, y la segunda vez que se presentó el documento para inscripción fué Jiménez Solá, el recurrente, el que lo presentó. Era otra parte la que presentaba el documento la segunda vez. La nota consentida por Díaz no podía perjudicar el derecho del recurrente a pedir la inscripción del documento cuya inscripción había sido denegada y no recurrida por Díaz. "La desestimación de un recurso gubernativo por no haber sido interpuesto en tiempo por el recurrente, ha de entenderse sin perjuicio de los derechos que puedan asistir a otras partes interesadas que en nada han intervenido en el registro para pedir la inscripción del mismo documento y recurrir gubernativamente de la calificación del registrador". *Bermúdez* v. *Registrador,* 41 D.P.R. 391, 394. Véanse además los casos de *Colonial Company* v. *Registrador,* 1 S.P.R. 396, 401; *Behn* v. *Registrador,* 21 D.P.R. 513, 525; *Nadal* v. *Registrador,* 30 D.P.R. 77, 79.

El recurrente, pues, ha acudido ante este tribunal dentro del término, ya que la nota recurrida, aunque basada en una anterior, es una nueva nota denegatoria.

La segunda cuestión envuelta es si el registrador cometió error de derecho al denegar la inscripción del solar a nombre de Ramón Díaz Reyes. Alega el registrador, en síntesis, que el título de Díaz Reyes no es inscribible porque al adquirir Díaz Reyes el solar del Municipio de Caguas en que estaba edificada la casa propiedad de Díaz e hipotecada a Esteva Flaquer, la hipoteca se hizo extensiva al solar por haberse consolidado la mera propiedad y el usufructo del

solar en Díaz, de manera que al adjudicarse en pago del crédito hipotecario la finca hipotecada al señor Esteva Flaquer, éste adquirió todos los derechos que sobre la casa y el solar tenía Díaz.

No creemos tenga razón el registrador. Se basa el registrador para sostener su contención en una apreciación errónea del inciso 3 del art. 107 de la Ley Hipotecaria que, en su parte pertinente prescribe lo siguiente:

"Art. 107.—Podrán hipotecarse, pero con las restricciones que a continuación se expresan:

. . . . . . . . . . . . . .

"3. La mera propiedad, en cuyo caso, si el usufructo se consolidare con ella en la persona del propietario, no sólo subsistirá la hipoteca, sino que se extenderá también al mismo usufructo, como no se haya pactado lo contrario."

No es éste un caso de usufructo sino de edificio construído en suelo ajeno y por consiguiente es de aplicación lo dispuesto por el inciso 1 del citado artículo 107 de la Ley Hipotecaria que prescribe lo siguiente:

"1. El edificio construído en suelo ajeno, el cual, si se hipotecase por el que lo construyó, será sin perjuicio del derecho del propietario del terreno, y entendiéndose sujeto a tal gravamen solamente el derecho que el mismo que edificó tuviere sobre lo edificado."

También es conveniente citar el art. 64 del Reglamento de la Ley Hipotecaria que dispone:

"Art. 64.—En toda inscripción relativa a fincas en que el suelo pertenezca a una persona y el edificio o las plantaciones a otra, se expresará con claridad esta circunstancia."

Según el Lic. Luis Muñoz Morales en su obra "Anotaciones a la Ley Hipotecaria de Puerto Rico",—(Mimeógrafo) pág. 370 "in fine":

"De aquí se deduce que puede existir y existe ante el Registro una expresa separación entre la edificación y el suelo, cuando pertenezcan a distintos dueños, dando lugar a inscripciones separadas de-

terminantes de derechos separados, o en otras palabras, dos entidades registrables, dos fincas, dos inmuebles distintos, y por consiguiente lo edificado reúne todas las condiciones exigidas para la hipoteca o sea: —*derecho real enajenable e inscribible*".

Además, del caso de *Martín et al.* v. *Registrador,* 22 D. P.R. 149, 150, tomamos del sumario que, "Cuando el edificio es construído en suelo ajeno, tanto el terreno como el edificio son cosas principales para los efectos de la Ley Hipotecaria y requieren inscripción separada a favor de cada dueño".

En el caso de *Rodríguez* v. *Registrador,* 30 D.P.R. 497, 499, dijo esta corte:

". . . cuando el suelo y edificaciones pertenecen a distintos dueños, se trata de cosas principales, y no una accesión de la otra, y para los efectos de la Ley Hipotecaria se requiere la inscripción separada a favor de cada dueño".

Véase además el caso de *Schroder* v. *Registrador,* 34 D. P.R. 93.

"Para inscribirse hipoteca sobre una casa construída en solar ajeno es necesaria la previa inscripción de aquélla a nombre del dueño evidenciada por un asiento separado e independiente del del dueño del solar en el registro". *Suárez* v. *Registrador,* 36 D.P.R. 195 (sumario).

No nos queda duda de que, tratándose de dos derechos separados, la hipoteca no se podía hacer extensiva al solar al ser éste adquirido por el propietario del edificio construído en el mismo.

*Por estas razones debe revocarse la nota del registrador y ordenarse la inscripción del título de compraventa del solar a favor de Ramón Díaz Reyes.*

El Juez Presidente Sr. Del Toro no intervino.