JOSÉ E. JANER VILÁ, recurrente, *v.* REGISTRADOR DE LA PROPIEDAD DE CAGUAS, SECCIÓN I, recurrido.

*Número:* O-83-542 *Resuelto:* 13 de febrero de 1984

*Jorge Benítez Gautier*, abogado del recurrente; El Registrador recurrido compareció por escrito.

PER CURIAM: El señor Janer Vilá posee un edificio de concreto armado de cuatro plantas. Uno de los locales que integran el primer piso fue arrendado al Dr. A. M. Guzmán Ortega. El señor Janer Vilá consintió a la inscripción del contrato de arrendamiento en el Registro.

Al presentarse la escritura en el Registro, el Registrador señaló que ésta adolece de las faltas siguientes:

Es preciso Acta Notarial sobre la construcción del edificio (Artículo 198.1 Reglamento Hipotecario). El arrendamiento de parte de finca está definido como segregación por la Ley de Arpe, es preciso acreditar la autorización de esta agencia tanto para la construcción como para el arrendamiento.
Falta un comprobante de $36.00.

Confirmada la calificación original y denegada la inscripción, el recurso gubernativo instado exige que nos pronunciemos sobre la naturaleza de la inscripción de obra nueva y el impacto, si alguno, de la Ley de la Administración de Reglamentos y Permisos (ARPE), Ley Núm. 76 de 24 de junio de 1975 (23 L.P.R.A. sec. 71 y ss.), sobre la situación de autos.

*La inscripción de obra nueva*

Según ha expresado Roca Sastre, —R. Roca Sastre y L. Roca-Sastre Muncunill, *Derecho Hipotecario*, 7ma ed., Barcelona, Ed. Bosch, 1979, T. II, págs. 534, 538–540— la obra nueva, en cuanto interese al Registrador de la Propiedad, no atañe a la realidad jurídica, sino a la material o física de las fincas inmatriculadas. La inscripción de la obra nueva no es obligatoria; es meramente conveniente, aunque la fe pública registral no la abarca. El principio de la fe pública registral sólo opera en cuanto a los elementos jurídi-

cos en sí. E. Vázquez Bote, *Elementos de Derecho Hipoteca-rio Puertorriqueño*, París, Ed. Lex, 1973, págs. 360-361; J. Sabater, *Práctica Civil*, s. 1., Tip. El Eco de Yauco, 1945, T. II, pág. 371, esc. 283; H. Brau del Toro, *Apuntes para un curso sobre el estado del Derecho Inmobiliario Registral puer-torriqueño, bajo la Ley Hipotecaria de 1893*, 48 Rev. Jur. U.P.R. 113, 185-186 (1979); V. Ribelles Ortiz, *Declaraciones de obra nueva y su inscripción en el Registro*, 19 Rev. C. Der. Inmob. 1, 3-5 (1946).

 La Ley Hipotecaria de 1893 no disponía nada sobre el particular que nos ocupa, mas la jurisprudencia y la doctrina se han expresado repetidamente sobre el asunto. *Muñoz* v. *Reg. de San Juan, Sec. Primera*, 23 D.P.R. 651, 652-654 (1916). Ya en *Sánchez & Ca.* v. *El Registrador de la Propiedad*, 16 D.P.R. 441 (1910), habíamos resuelto que la inscripción de obra nueva sobre solar inscrito no es necesa-ria porque el edificio es cosa accesoria del suelo, e inscrito éste debe considerarse inscrito el edificio. La inscripción de obra nueva en solar propio es puramente potestativa, señala-mos, y tampoco puede prohibirse, si es que el titular desea beneficiarse de la presunción de que el Registro revela el verdadero estado de la finca. Al mismo efecto: *Martin et al.* v. *Regis. de Arecibo*, 22 D.P.R. 149 (1915); *Rodríguez* v. *Reg. de San Juan, Sección Primera*, 28 D.P.R. 772 (1920). Sobre el procedimiento para inscribir edificaciones y plantaciones, si es que se desea ejercer la potestad para hacerlo, trátese de obra sobre suelo propio o ajeno, véase: *Esso Standard Oil Co.* v. *Registrador*, 88 D.P.R. 306 (1963)[1] Véase también:*Olive-*

---

[1] En *Esso*, pág. 312, expresamos que las edificaciones en suelo propio e inscrito pueden inscribirse de una de dos formas. La primera consiste en lograr la registración de la obra nueva aprovechando la ocasión de que se inscriba un título constitutivo, declarativo, reconocitivo, modificativo o translativo del dominio o de un derecho real, en el cual se haga constar la obra nueva. La segunda forma seña-lada en la opinión tiene lugar cuando se pretende registrar la obra nueva, no con-juntamente con la inscripción de un acto registrable, sino aisladamente, mediante la formalización de un documento dirigido únicamente a ese fin. El Tribunal expresó además que cuando la edificación se construye en suelo ajeno sólo procede la segunda forma de inscripción, es decir, la inscripción específica.

*ras* v. *Registrador*, 37 D.P.R. 470, 471 (1927); *Suárez* v. *Registrador*, 36 D.P.R. 195 (1927).

■ El Art. 208 de la Ley Hipotecaria española de 1944 y el Art. 308 de su Reglamento[2] regulan las dos formas de inscripción a que aludimos en *Esso*. Nuestra Ley Hipotecaria de 1979 no contiene disposiciones similares de orden general. El Art. 198.1 del nuevo Reglamento Hipotecario, en el que se funda el Registrador para requerir el acta de edificación en este caso, dispone:

> En casos de propiedad horizontal y en cualquier caso en que se solicite la constancia de una edificación sobre finca inmatriculada, será necesario, en adición a los requisitos que las leyes especiales exijan, acta notarial en la que el notario dé fe de la existencia del edificio y haga constar su descripción general, la que podrá referirse a un plano levantado por ingeniero o arquitecto autorizado siempre que se inscriba simultáneamente en el Registro de Planos. La fe notarial a tal efecto podrá consignarse en instrumento notarial contentivo de cualquier contrato celebrado por el titular de la finca.
>
> La constancia de obra nueva a que se refiere el párrafo anterior deberá ser solicitado por todos los que sean titulares de la finca los que señalarán el valor monetario del edificio. Podrá registrarse más de una edificación en una misma finca.

---

[2] El Art. 208 de la Ley Hipotecaria española de 1944 dispone:

"Las nuevas plantaciones, así como la construcción de edificios o mejoras de una finca urbana podrán inscribirse en el Registro por su descripción en los títulos referentes al inmueble. También podrán inscribirse mediante escritura pública, en la que el contratista de la obra manifieste estar reintegrado de su importe por el propietario, o en la que éste describa la edificación, acompañando certificado del Arquitecto Director de la obra o del Arquitecto municipal."

El Art. 308 del Reglamento dispone:

"Con arreglo a lo dispuesto en el artículo 208 de la Ley, la inscripción de las nuevas plantaciones, así como la construcción de edificios o mejoras de las fincas urbanas, podrá efectuarse:

"Primero. Mediante su descripción en los títulos referentes al inmueble por los que se declare, reconozca, transfiera, modifique o grave el dominio y demás derechos reales, o se haga constar solamente la plantación, edificación o mejora.

"Segundo. Mediante escritura pública descriptiva de la obra nueva, en la que el contratista manifieste que ha sido reintegrado del importe de la misma o a la que se acompañe certificado del Arquitecto director de la obra o del Arquitecto municipal, acreditativo de que la construcción está comenzada o concluida."

Si la existencia de una edificación apareciera del documento a inscribirse como dato adicional en la descripción de la finca, podrá hacerse constar como aparezca del documento, sin ningún otro requisito. Pero en este caso no podrá inscribirse contrato alguno que tenga por objeto sólo la edificación o parte de ella excepto que se inmatricule el edificio con sujeción a lo dispuesto en el primer párrafo de esta sección.

Este artículo cumple varios fines. Se hace obligatoria, en primer término, la inscripción de nueva obra en casos de propiedad horizontal. En segundo término, se reconocen legislativamente las dos formas de inscripción de obra nueva admitidas hasta entonces en nuestra jurisprudencia. Cuando se dice en la primera oración del artículo: "En casos de propiedad horizontal *y en cualquier caso en que se solicite la constancia de una edificación sobre finca inmatriculada, será necesario . . .*" (énfasis suplido), no se está imponiendo obligación alguna de inscribir la edificación en casos que no sean de propiedad horizontal o contrato reducido al edificio. La obligación que a continuación se expresa en el artículo nace sólo cuando se determine solicitar tal constancia. De igual forma debe entenderse que el último párrafo del artículo se refiere únicamente a los casos de propiedad horizontal y a la inscripción de contratos que tengan por objeto la edificación exclusivamente, o parte de la misma.

No es de suponer que cambio de tal magnitud, como sería la adopción de una regla de obligatoriedad de inscripción de obra nueva, se efectuase sin constancia en el historial legislativo de tal intención. La ausencia de indicio alguno de tal intención en el historial de la nueva legislación hipotecaria, y el propio texto del Art. 198.1 contrastan con la precisión de la Ley de la Propiedad Horizontal, Ley Núm. 104 de 25 de junio de 1958, según enmendada por la Ley Núm. 157 de 4 de junio de 1976 (31 L.P.R.A. secs. 1291, 1292c, 1292d y 1292f), la cual requiere explícitamente la inmatriculación del edificio que va a someterse a ese régimen.

Aun si se presume, para fines de argumentación, la aplicación del Art. 198.1 a situaciones como la presente, del his-

torial registral de la finca en cuestión se desprende que el edificio del señor Janer Vilá está inmatriculado en el Registro. En la primera inscripción, practicada en 1891, se acreditó la posesión del señor Polanco y Delgado de una finca urbana descrita como una casa de altos de madera y bajos de mampostería. En la tercera inscripción se señala que la casa estaba ubicada en un solar propiedad del Municipio de Caguas. En la decimosexta inscripción, practicada en 1962 en virtud de unas hipotecas constituidas por el señor Janer Vilá sobre la finca, se expone que la casa fue reparada y ampliada, lo que produjo un edificio de concreto armado de cuatro plantas. En la decimoctava inscripción se describe nuevamente el edificio y se señala que el municipio segregó el solar en el cual está ubicado el edificio y se lo vendió a Janer Vilá. Adviértase que la finca inmatriculada en este caso originalmente fue la casa en sí. Estamos hablando, además, a partir de la decimoctava inscripción, de edificación radicada en solar propio. Bajo la doctrina de *Esso* quedó efectuada la inscripción de la obra.

En resumen, la negativa en este caso a inscribir el contrato de arrendamiento por faltar el acta de edificación a que se refiere el Art. 198.1 del Reglamento es improcedente. El Art. 198.1 es inaplicable.

*La Ley de ARPE*

El segundo defecto señalado por el Registrador fue la falta de acreditación por ARPE de que la supuesta segregación ocurrida al arrendar el local había sido autorizada. Luego se refirió el Registrador a la ausencia del permiso de uso.

■ El arrendamiento de un local no costituye una lotificación o segregación a los fines de la legislación vigente. Art. 3(h) de la Ley de ARPE, 23 L.P.R.A. sec. 71b(h). El Registrador no ha insistido en este señalamiento en su escrito ante este foro.

Le asiste entera razón al Registrador, no obstante, en lo que atañe al permiso de uso. Las disposiciones del Art. 16 de

la citada ley, 23 L.P.R.A. sec. 71*o*, son terminantes. Su primer párrafo expresa:

A partir de la vigencia de los reglamentos que para desarrollo y uso de terrenos, así como para la construcción y uso de edificios, hayan sido adoptados, o que se adopten, conforme a ley, no podrá usarse ningún terreno o edificio, ni ninguna parte de éstos, a menos que el uso sea de conformidad con dichos reglamentos y de acuerdo con el permiso que se conceda por la Administración, según se disponga en dichos reglamentos, en este Capítulo o en cualquier otra ley aplicable, o para el mismo fin para el cual se usaban y hasta donde se usaban cuando entraron en vigor dichos reglamentos.

El recurrente se allana a la presentación del referido permiso y a la entrega del comprobante de pago exigido.

*Se revocará la recalificación del Registrador en cuanto al requerimiento de un acta de edificación, mas se confirmará la exigencia de presentar el correspondiente permiso de uso de ARPE y el comprobante de pago requerido por el Registrador.*