La Plata Tobacco Company, Recurrente, *v.* El Registrador de la Propiedad, Recurrido.

Recurso gubernativo contra nota del Registrador de la Propiedad de Caguas.

No. 164.—Resuelto en enero 15, 1914.

Bienes Gananciales—Adquisición por Rescisión sin Constar en el Registro la Fecha de la Entrega del Precio.—Tiene la presunción de gánancial la finca que una persona casada adquiere por la rescisión de un contrato de venta que otorgó siendo viuda, cuando del registro no consta que el precio de la rescisión fué entregado antes de contraer el segundo matrimonio.

Documentos Presentados al Registro—Obligación del Registrador de Consultar Otros Documentos que Consten Archivados en el Registro.—El registrador sólo está obligado a examinar los documentos que se le presenten para su inscripción y los que se acompañen, así como lo que resulte de los

libros del registro en relación con la finca a que se refiere la inscripción que se solicita, pero no está obligado a consultar otros documentos archivados en dicho registro.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. Andrés Mena.*

El registrador substituto, Sr. Rafael Arce, compareció por escrito en nombre propio.

El Juez Asociado Sr. Aldrey emitió la opinión del tribunal.

En la escritura de partición de los bienes relictos por Doña Josefa Polo Jiménez le fué adjudicada a su viudo Don Ignacio Berríos Carrasquillo, en pago parcial de su haber hereditario, la tercera parte indivisa de cierta finca que se inscribió a su nombre en el registro de la propiedad. Posteriormente, por la escritura pública de 17 de abril de 1911, siendo aún viudo, la vendió a Don Antonio E. Grillo y Santiago por precio que confesó recibido, documento que también fué inscrito en el registro. Por otra escritura de 19 de diciembre de 1912 dicho Señor Grillo y su esposa y Don Ignacio Berríos Carrasquillo, de estado casado, rescindieron la venta antes referida, mediante devolución del importe de la misma, el que confesaron recibido los consortes Grillo-Alvarez, sin que conste de la inscripción la fecha de la devolución del dinero.

Después de esos actos, Don Ignacio Berríos Carrasquillo vendió a "La Plata Tobacco Company" dicho condominio por escritura de 13 de noviembre de 1913, cuya inscripción negó el registrador por medio de la siguiente nota que motiva el presente recurso:

"Denegada la inscripción del precedente documento, porque resultando del registro que el vendedor Don Ignacio Berríos Carrasquillo adquirió la participación de la finca que enajena siendo casado con Doña Manuela Carambot y Torrens, tal condominio *debe reputarse como perteneciente a la sociedad de gananciales,* de acuerdo con el artículo 1322 del Código Civil vigente, y no obstante ello se verifica la venta a que se refiere dicho documento, sin el *consentimiento expreso* de dicha Sra. Carambot, lo que implica *nulidad del contrato,* según el artículo 1328 del mismo cuerpo legal; y si bien se acompaña una certificación com-

prensiva de un *affidavit* que juró y suscribió Antonio Grillo, con fecha 17 de abril de 1911, dejando sin efecto una venta, este documento *es ambiguo e insuficiente* para acreditar que la ameritada participación forma parte de los bienes privativos del vendedor Sr. Berríos Carrasquillo; *extendiéndose en su lugar anotación preventiva* por el término legal de 120 días, a favor de la corporación adquirente, al folio 61 vuelto del tomo 36 de esta ciudad, finca número 1161 sextuplicado, anotación letra F. Caguas, P. R., 21 de noviembre de 1913. Rafael Arce, registrador sustituto.''

En unión de esa escritura se presentó al registrador una certificación que dice así:

''Yo, Enrique Hernández, Juez de la Corte de Paz de Caguas, P. R. *Certifico*: que en el libro 2°. de *affidavits* a mi cargo, aparece uno que copiado literalmente dice así: 'No. 633. Jurado y suscrito ante mí por Don Antonio E. Grillo y su señora esposa Doña Isabel Alvarez Arias, mayores de edad, propietarios y de esta vecindad a quienes conozco personalmente. Se refiere a dejar sin efecto compraventa de terreno situado en el barrio de Bairoa de este término, cuya venta había sido hecha a Don Ignacio Berríos Carrasquillo, consistente en una tercera parte indivisa de dos fincas de 123 cuerdas una, y la otra de 15 cuerdas; recibiendo el Sr. Grillo la suma de $1,595 por dicha rescisión. Caguas a 17 de abril de 1911. Firmado, José Molina, juez de paz. Hay un sello que dice: Juzgado de Paz de Caguas, P. R.' Y a solicitud del Ledo. Sr. Andrés Mena Latorre libro y firmo la presente en Caguas a 19 de noviembre de 1913. Enrique Hernández, Juez de Paz de Caguas, P. R. Hay tres sellos de rentas internas cancelados. Relacionado el precedente documento, en la anotación letra F, de la finca número 1161 sextuplicado, obrante al folio 61 vuelto del tomo 36 de esta ciudad. Caguas, 21 de noviembre de 1913. Rafael Arce, registrador sustituto.''

Otorgada la escritura de rescisión en 13 de noviembre de 1912 cuando ya estaba casado otra vez Don Ignacio Berríos Carrasquillo e inscrita sin hacer constar la fecha en que el dinero fué devuelto a los consortes Grillo-Alvarez, esa adquisición tiene la presunción de ser bien ganancial, por lo que la cuestión a resolver es si la declaración jurada antes relacionada es suficiente, para que destruída tal presunción pueda

enajenar la finca el Señor Berríos sin necesidad del consentimiento de su segunda esposa, y también si al calificar el documento cuya inscripción negó el registrador, debió éste consultar y tomar en consideración los documentos archivados en su oficina para con ellos poder conocer que el dinero devuelto a los esposos Grillo-Alvarez por la escritura de rescisión les fué entregado por el Señor Berríos en 17 de abril de 1911, cuando todavía se hallaba en estado de viudez.

Respecto al primero de esos particulares, estamos conformes con el registrador recurrido en que la declaración jurada (*affidavit*) es ambigua e insuficiente para acreditar que el condominio vendido por el Señor Berríos es un bien privativo suyo, toda vez que si bien el juez de paz certifica que según el registro de *affidavits* que tiene a su cargo, Don Antonio E. Grillo y su esposa Doña Isabel Alvarez Arias juraron en 17 de abril de 1911 haber recibido 1,595 dólares por dejar sin efecto la venta que les había hecho Don Ignacio Berríos Carrasquillo de una tercera parte indivisa de dos fincas de 123 y de 15 cuerdas en el barrio de Bairoa de Caguas, tales constancias no son por sí solas bastantes para poder afirmar que se refieren a la finca de 123 cuerdas cuya inscripción ha denegado el registrador y no a cualquiera otra de esa cabida que radique en ese barrio, ya que no contiene la descripción de la finca ni dato alguno por donde pueda ser identificada.

El otro extremo de que el registrador debió consultar ciertos documentos archivados en su oficina tales como la demanda que originó una anotación preventiva, pues por aquélla hubiera conocido el *affidavit* en ella transcrito y la escritura de rescisión, porque en ésta se consigna que el dinero fué entregado en 17 de abril de 1911 cuando era viudo Don Ignacio Berríos Carrasquillo, no tiene fundamento, pues el registrador no está obligado a consultar tales documentos sino la escritura presentada, los documentos a ella acompañados y lo que resulte de sus libros en relación con la finca a que se refiera la inscripción que se solicita, según resolvió

esta Corte Suprema en el caso de *Sucesión Ramírez* v. *El Registrador,* 16 D. P. R., 318.

En atención a lo expuesto y toda vez que según el registro Don Ignacio Berríos Carrasquillo adquirió de los esposos Grillo-Alvarez esa finca por escritura, de la que aparecía estar casado sin que en la inscripción se haya hecho constar que el precio de la rescisión fué por él entregado cuando aún estaba viudo, procedió correctamente el registrador recurrido al negar la inscripción de la venta hecha por dicho señor de tal participación estando casado, sin mediar el consentimiento de su consorte, toda vez que el documento acompañado a la escritura de venta no era bastante por su ambigüedad a destruir la presunción de bien ganancial que en el registro tiene el condominio vendido.

La calificación del registrador debe ser confirmada.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf y del Toro.