Riera, Recurrente, *v.* El Registrador de San Juan, Sección 1ª., Recurrido.

Recursos gubernativos contra notas del Registrador de la propiedad de San Juan, Sección 1ª., denegando la inscripción de escrituras de compraventa.

Nos. 259 y 260.—Resueltos en febrero 25, 1916.

Recurso Gubernativo—Parte Interesada—Inscripción de Título.—Es parte interesada en una nota denegatoria de la inscripción de un documento, la persona que para inscribir otro documento a su favor necesita que se verifique previamente aquella inscripción.

Otorgamiento de Escritura—Venta por el Márshal—Orden de Ejecución—Falta de Comparecencia del Comprador—Impedimento o Estoppel.—Aún cuando en el otorgamiento de escritura de venta por precio recibido, hecha por un márshal en ejecución de sentencia por no haberla otorgado el demandado, no concurriera el demandante a cuyo favor se otorga la venta, éste no puede negar la existencia del contrato a que se refiere el documento, y está impedido (*estopped*) en todo tiempo de ir contra él.

Id.—Aceptación de la Escritura por el Comprador—Inscripción en el Registro—Defecto Subsanable.—Un márshal cumple con una orden de ejecución para la venta de propiedad por precio recibido, de acuerdo con la parte demandante, cuando la escritura se otorga en los términos pedidos en la demanda y acordados por la sentencia, pero cuando no consta que dicho deman-

dante, expresa y legalmente, aceptara el documento, adolece éste para su inscripción de defecto subsanable.

INSCRIPCIÓN DE TÍTULO—PRINCIPIO ESTABLECIDO EN EL ARTÍCULO 17 DE LA LEY HIPOTECARIA.—El artículo 17 de la Ley Hipotecaria realiza el principio de que el primero que inscribe, anota o presenta en el registro cualquier título traslativo de dominio, es el primero en recibir los beneficios de la inscripción, con preferencia a otros que tengan título de fecha anterior o igual, y significa por tanto un premio para el que inscribe y un castigo para el que no inscribe.

ID.—TÍTULOS ANTAGÓNICOS O CONTRADICTORIOS—CONTINUIDAD DE DERECHOS.—En consonancia con la anterior doctrina, el artículo 17 de la Ley Hipotecaria sólo tiene aplicación en casos de títulos antagónicos o contradictorios, y no cuando se trata de títulos perfectamente armónicos y ligados entre sí, en los que existe una continuidad de derechos.

Los hechos están expresados en la opinión.

Abogados del recurrente: *Sres. Bosch & Soto.*

El registrador recurrido Sr. José Marcial López compareció en nombre propio.

EL JUEZ PRESIDENTE SR. HERNÁNDEZ emitió la opinión del tribunal.

Están sometidos a nuestra consideración dos recursos, el presente número 259 y otro número 260 interpuestos por José D. Riera y Cifuentes contra notas del Registrador de la Propiedad de San Juan, Sección 1ª., denegatorias de inscripción, y por la estrecha relación que entre sí guardan dichos recursos, nos parece conveniente examinarlos conjuntamente.

Con fecha 6 de noviembre de 1915, el Márshal de la Corte Municipal de San Juan, en cumplimiento de mandamiento de ejecución de sentencia recaída en juicio seguido ante dicha corte por María Encarnación y Manuel Teótimo Gestera y Gutiérrez contra Teresa Iglesias viuda de Agrait, sobre cumplimiento de contrato, otorgó a favor de los demandantes por precio recibido de $225 escritura de venta de un solar de 225 metros 29 centímetros que a la demandada tenía comprado el causante de aquéllos, Manuel Gestera, y habiendo sido presentado dicho documento en el Registro de la Propiedad de San Juan, Sección 1ª., para su inscripción, el registrador la denegó por medio de nota que dice así:

"Denegada la inscripción, porque la escritura no ha sido aceptada por los compradores, circunstancia que en este caso impide la ins-

cripción, de este documento por no haber cumplido el márshal· que lo otorga, la orden de la corte, que dispuso que otorgase la escritura de acuerdo con los (co) digo, demandantes, que son los compradores; habiéndose extendido en su lugar anotación preventiva por término legal, al· folio 112 vuelto del tomo 33 de esta ciudad, finca número 1371, anotación letra B, con el defecto subsanable de no expresarse las circunstancias personales de los compradores. San Juan, noviembre 17 de 1915. El registrador (sustituto) José S. Belaval.''

Esa nota ha sido recurrida por José Dimas Riera y Cifuentes y es la materia del recurso No. 259.

Por otra escritura anterior, de 6 de mayo de 1914, Manuel Teótimo y María Encarnación Gestera y Gutiérrez, en concepto de dueños del mismo solar, que había adquirido su causante por compra a Doña Teresa Iglesias, lo vendieron a José Dimas Riera y Cifuentes por precio recibido de $225; y habiendo sido presentado tal documento en el registro para su inscripción, el registrador la denegó por medio de nota que transcribimos a continuación:

''Denegada la inscripción del precedente documento: 1º. por hallarse inscrita la finca a favor de persona distinta de los vendedores, 2º. porque en el supuesto de no existir el indicado defecto, tampoco podría inscribirse este título que es de fecha anterior, al que aparece anotado a favor de dichos vendedores, por lo que se encuentra comprendido en la prohibición del artículo 17 de la Ley Hipotecaria; habiéndose extendido en su lugar anotación preventiva por término legal, al folio 91 vuelto del tomo 6º. de Puerta de Tierra, finca número 1371, duplicado, anotación letra C. San Juan, noviembre 24 de 1915. El Registrador (sustituto) José S. Belaval.''

También esa nota ha sido recurrida por José D. Riera y Cifuentes y es la materia del recurso No. 260.

Examinemos la nota recurrida de 17 de noviembre de 1915. Ante todo debemos hacer constar que el recurrente Riera y Cifuentes es parte interesada en esa nota por ser necesaria la inscripción en ella denegada, para la de la otra escritura otorgada a su favor.

De la escritura de 6 de noviembre citado, a que aquella nota se refiere, resultan los siguientes hechos:

(*a*) Que ante la Corte Municipal de San Juan, en 6 de mayo de 1912, María Encarnación y Manuel Teótimo Gestera presentaron demanda contra Teresa Iglesias viuda de Agrait con súplica de que ésta fuera condenada a otorgar a favor de los demandantes escritura de venta por precio recibido de $225, del solar ya expresado, que la demandada había vendido al causante de los demandantes, Manuel Gestera;

(*b*) Que la Corte de Distrito de San Juan, Sección 1ª., en grado de apelación dictó sentencia el 21 de noviembre de 1913, declarando con lugar la demanda y condenando a la demandada a otorgar a favor de los demandantes escritura de venta del solar por precio de $225;

(*c*) Que a instancia de los demandantes se libró orden de ejecución al márshal de la corte municipal en 30 de septiembre de 1915 con el fin de que si, transcurrido el término de cinco días después de requerida, no hubiera la demandada otorgado la escritura, procediera a hacerlo a nombre y perjuicio de la misma y de acuerdo con la parte demandante.

Antes esos hechos que en forma fehaciente constan de la propia escritura por aparecer relacionados en el mandamiento de ejecución inserto literalmente en ella formando parte integrante de la misma, es indiscutible que los compradores María Encarnación y Manuel Teótimo Gestera aunque no concurrieron al otorgamiento del documento, no pueden negar la existencia del contrato a que se refiere, y están impedidos (*estopped*) en todo tiempo, de ir contra él. María Encarnación y Manuel Teótimo Gestera promovieron pleito contra Teresa Iglesias para que ésta les otorgara escritura de venta del solar por precio recibido de $225; ellos continuaron el pleito hasta obtener sentencia favorable, y finalmente pidieron se librara mandamiento de ejecución al márshal para el otorgamiento de la escritura a nombre y perjuicio de Teresa Iglesias, y de acuerdo con la parte demandante. El mismo registrador afirma en su alegato que la falta de aceptación de la escritura por los compradores sería un defecto subsanable y no produciría la denegatoria de inscrip-

ción si constara que el márshal cumplió la orden de ejecución de acuerdo con la parte demandante.     Estimamos que el márshal cumplió la orden de ejecución de acuerdo con la parte demandante, pues la. escritura fué otorgada en los mismos términos en que lo habían pedido en su demanda María Encarnación y Manuel Teótimo Gestera, y había sido acordado por sentencia, o sea, por precio recibido de $225; pero como los compradores no manifestaron *expresa y legalmente* la aceptación del documento, adolece éste para su inscripción de un defecto subsanable, según resolución de la Dirección General de los Registros de España de 19 de junio de 1863.

Es de inscribirse la escritura de 6 de noviembre de 1915, a que se refiere el recurso No. 259, con el defecto subsanable apuntado.

Pasemos al examen de la segunda nota recurrida de 24 de noviembre de 1915.

Verificada la inscripción de la escritura de 6 de noviembre de 1915, aunque con defecto subsanable, aparecerá inscrito en el registro el solar de que se trata a favor de María Encarnación y Manuel Teótimo Gestera, que son los que lo han vendido al recurrente Dimas Riera por escritura de 6 de mayo de 1914, y por tanto desaparece el primer defecto que motivó la denegatoria de inscripción de ese documento.

Por lo que atañe al segundo defecto opinamos que no es de aplicación al caso el artículo 17 de la Ley Hipotecaria invocado por el registrador, y que dice así:

"ARTÍCULO 17.—Inscrito o anotado preventivamente en el registro cualquier título traslativo del dominio o de la posesión de los inmuebles o de los derechos reales impuestos sobre los mismos, no podrá inscribirse o anotarse ningún otro de igual o anterior fecha por el que se transmita o grave la propiedad del mismo inmueble o derecho real."

El artículo que dejamos transcrito viene a realizar el principio de que el primero que inscribe, anota o presenta en el registro cualquier título traslativo de dominio, es el primero en recibir los beneficios de la inscripción con preferencia a

otros que tengan título de fecha anterior o igual, y significa por tanto un premio para el que inscribe y un castigo para el que no inscribe.    M. Martínez Moreda, Legislación Hipotecaria, Tomo II, páginas 173 y 174.

En consonancia con la anterior doctrina, entendemos, con el letrado de la parte recurrente, que dicho artículo sólo tiene aplicación en caso de títulos antagónicos o contradictorios, y no cuando se trata de títulos perfectamente armónicos y ligados entre sí, en los que existe una continuidad de derechos.

En las escrituras de 6 de noviembre de 1915 y 6 de mayo de 1914 hay una sucesión de derechos y no un conflicto de títulos: Teresa Iglesias vende el solar a María Encarnación y Manuel Teótimo Gestera como causahabientes de Manuel Gestera, y éstos a José Dimas Riera.

El artículo 20 de la Ley Hipotecaria ordena que para inscribir o anotar los títulos en que se transfiera o grave el dominio o la posesión de bienes inmuebles o derechos reales deberá constar previamente inscrito o anotado el derecho de la persona que otorgue o en cuyo nombre se haga la transmisión o gravamen.    Para dar cumplimiento al anterior precepto legal, necesita Riera que el título de María Encarnación y Manuel Teótimo Gestera, de quien ha adquirido el solar, se inscriba en el registro antes que el suyo, y como los Gestera no tenían título escrito del solar en la fecha en que lo vendieron a Riera, adquirieron posteriormente ese título para lo cual no vemos que existiera óbice legal alguno.

De interpretarse el artículo 17 de la Ley Hipotecaria en en los términos en que lo ha aplicado el registrador, tendríamos que si se comprara un inmueble en día determinado y en igual día se vendiera a otra persona, una vez inscrito el título del vendedor no podría inscribirse el del comprador por ser ambos de igual fecha.    Resultaría además que, siendo A, por ejemplo, dueño de un inmueble inscrito en el registro y vendido por A a B y por B a C, sin cuidarse B de inscribir su título en el registro, denegándose por tal razón la inscripción del título de C, aunque anotándose en el registro, una

vez hecha esa anotación no podría inscribirse el título de B para que C pudiera inscribir el suyo.

Tampoco hay, pues, razón legal para denegar la inscripción de la escritura de 6 de mayo de 1914.

Por las razones que dejamos expuestas, procede la revocación de las dos notas recurridas de 17 y 24 de noviembre de 1915, ordenándose al registrador verifique la inscripción de la escritura de 6 de noviembre de 1915 a que se refiere la primera de dichas notas, con el defecto subsanable de falta de aceptación del documento por los compradores, y, verificada aquella inscripción, proceda a verificar la de la otra escritura de 6 de mayo de 1914.

> *Revocadas las notas recurridas, ordenándose la inscripción de las escrituras, una de ellas con defecto subsanable.*

Jueces concurrentes: Sres. Asociados Wolf, Aldrey y Hutchison.

El Juez Asociado Sr. del Toro no intervino.