FRANCISCO G. GARCÍA, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE SAN JUAN, SECCIÓN SEGUNDA, recurrido.

No. 813.—*Sometido:* Junio 23, 1930. *Resuelto:* Julio 30, 1930.

*Heriberto Torres Solá,* abogado del recurrente; el registrador recurrido no compareció.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

Francisco G. García entabló un pleito ante la corte de distrito para recobrar la suma de $600 etc., garantizados por una segunda hipoteca. Obtuvo sentencia ordenando la venta de la propiedad y el pago de dicha suma. La venta fué efectuada. García fué el comprador y el márshal otorgó escritura a su favor. Los demandados en el pleito fueron Joaquina Couvertier y García y la Sucesión de Serafín de Santiago y García. Cuando se presentó la escritura de venta al registrador, éste inscribió la misma en lo que se refería a Joaquina Couvertier y García, quien es de presumirse es la viuda del deudor, y negó la inscripción en cuanto a los demás.

Convenimos con el recurrente en que la acción entablada por él era una en ejecución de hipoteca y no una mera acción personal en cobro de dinero. Por tanto, el registrador estaba equivocado al decir que un embargo previo

era necesario. En realidad no sabemos de razón alguna por la cual en una acción en cobro de dinero, al obtenerse sentencia un embargo sea una condición precedente a la ejecución de la sentencia. Artículo 239 del Código de Enjuiciamiento Civil. ■ El registrador resolvió que la finca debía inscribirse primeramente a nombre de la sucesión. Distinto al caso de *Rodríguez* v. *Registrador de Arecibo*, 33 D.P.R. 823, el presente caso envuelve una acción hipotecaria, y por tanto es de aplicación el caso de *Zayas* v. *Registrador*, 14 D.P.R. 607. Copiamos del sumario:

"Estando inserto en la escritura de que se trata el mandamiento expedido al Márshal del Distrito para ejecutar la sentencia recaída en el pleito contra los herederos del deudor expresando sus nombres, es esto bastante para acreditar que dichas personas son los herederos del deudor, a cuyo nombre dice el Registrador que constan inscritas las fincas enajenadas.

"De acuerdo con lo dispuesto en la Real Orden de julio 22. 1896, que forma parte de la legislación hipotecaria vigente en esta Isla, en los casos de venta judicial hecha en pago de un crédito hipotecario, no se necesita la inscripción previa de las fincas hipotecadas a favor de los herederos del deudor para que pueda inscribirse la escritura judicial de venta en pago."

■ Igualmente convenimos con el recurrente en que la forma en que la corte adquirió jurisdicción no es un defecto subsanable. La jurisdicción de una corte de récord se presume definitivamente de la sentencia.

*Debe revocarse la nota recurrida y hacerse la inscripción.*
El Juez Asociado Señor Texidor no intervino.