VICENTE ZAYAS PIZARRO, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE UTUADO, P. R., recurrido.

No. 903.—*Sometido:* Noviembre 24, 1933. *Resuelto:* Abril 30, 1934.

*Vicente Zayas Pizarro,* por su propio derecho. El registrador recurrido compareció por escrito.

EL JUEZ ASOCIADO SEÑOR CÓRDOVA DÁVILA, emitió la opinión del tribunal.

El recurrente presentó al Registrador de la Propiedad de Utuado dos certificados de compraventa de bienes inmuebles que le habían sido expedidos por el Colector de Rentas Internas de Adjuntas, en la subasta celebrada el día 18 de

abril de 1933, por falta de pago de contribuciones, contra la sucesión de Pedro A. Puig y Coll.

El Registrador de la Propiedad de Utuado se negó a inscribir dichos certificados por el fundamento de que los bienes todavía aparecen inscritos a nombre del causante don Pedro Antonio Puig, y no a nombre de sus herederos, porque no existe presunción legal alguna al efecto de que una herencia esté yacente o no haya sido reclamada, y porque el importe de dichas contribuciones cubre deudas originales en los años 1930–31 y 1931–32, según se hace constar en el certificado de venta. El recurrente alega que el recurrido cometió error al aplicar literalmente a este caso las disposiciones del artículo 20 de la Ley Hipotecaria y al interpretar y atribuirle a dicho artículo un alcance que en realidad no tiene.

■■ Arguye el recurrente que no hay necesidad de inscribir previamente a favor de dichos herederos, porque El Pueblo de Puerto Rico, al ejecutar dichas propiedades, no hizo otra cosa que ejecutar una hipoteca legal que de acuerdo con la ley tiene preferencia a cualquier otro gravamen y es de una categoría superior a las hipotecas voluntarias, de- biendo aplicarse a este caso la misma jurisprudencia que hace innecesaria la previa inscripción a favor de los herederos en las ejecuciones de créditos hipotecarios de acuerdo con repetidas decisiones de este tribunal. *Passalacqua* v. *Regis- trador,* 6 D.P.R. 42; *Zayas* v. *Registrador,* 14 D.P.R. 607; *Orcasitas* v. *Registrador,* 21 D.P.R. 553; *Zayas* v. *Registra- dor,* 28 D.P.R. 116; *García* v. *Registrador,* 41 D.P.R. 469.

La doctrina sentada por este tribunal se basa en la Real Orden de 22 de julio de 1896, que copiada literalmente dice así:

"En vista de una instancia del Gobernador del Banco Hipotecario y atención a que por lo dispuesto en el artículo 20 de la Ley Hipo- tecaria esa dirección ha considerado necesaria la previa inscripción a favor de los herederos del deudor para que pueda inscribirse a nombre del comprador la escritura de venta de dichos bienes otorgada

en virtud del procediminto ejecutivo o el testimonio de la adjudicación a favor del acreedor hipotecario lo cual produce en muchos casos suspensiones en el procedimiento y dificultades . . . Vistos los 'arts. 105 y 133 de la Ley Hipotecaria . . . Considerando que la intención del legislador al redactar este artículo (el 20) no fué otra que la de impedir que se trasmitiese o gravase un inmueble por persona que no tuviese derecho para ello:—Considerando que esa intención no se contraría por inscribir la venta o adjudicación de inmuebles hipotecados o favor del comprador o del acreedor adjudicatario sin hacer la previa inscripción a favor de los herederos del deudor, ya que dichos herederos o el juez en su representación, no obran como dueños del inmueble, que en realidad no han adquirido, sino como sucesores del deudor en sus obligaciones para que éstas queden cumplidas, y en tal concepto, aunque se omita la mera ritualidad de la previa inscripción, no puede decirse que haya verdadera transgresión del artículo 20 de la ley, puesto que el dominio pasa directamente del deudor al comprador o adjudicatario;—Considerando que interpretando de esta suerte el repetido art. 20, desaparece la antinomia manifiesta que existe entre su texto literal y lo preceptuado en los arts. 105 y 133 de la misma ley, cuya capital importancia no puede desconocerse, ni cuyos efectos pueden limitarse, porque son dichos artículos los que determinan la naturaleza de la hipoteca y señalan las condiciones de efectividad de la acción hipotecaria y reflejan, en fin, el espíritu general que informa la totalidad de la ley;—S. M. la Reina Regente en nombre de su augusto hijo el Rey D. Alfonso XIII (Q.D.G.) de conformidad con lo consultado con el Consejo de Estado en Pleno y lo propuesto por esa dirección General, ha tenido a bien disponer que en los casos de venta o adjudicación de inmuebles hipotecados a virtud de procedimiento ejecutivo seguido a instancia del acreedor hipotecario contra los herederos del deudor, o del tercer poseedor, no precisa la previa inscripción 'a favor de los mismos para que pueda inscribirse la escritura de venta o el testimonio de la adjudicación.''

Basta leer esta Real Orden para comprender que la misma se refiere a ventas o adjudicaciones decretadas en ejecución de hipoteca, sobre obligaciones contraídas por el dueño del inmueble, y no sobre las que hubiesen surgido después de su muerte, ya que, según dicho decreto, los herederos ''no obran como dueños del inmueble, que en realidad no han adquirido, sino como sucesores del deudor en sus

obligaciones para que éstas queden cumplidas." La intención del legislador no se contraría ni se infringe el artículo 20 de la Ley Hipotecaria por las razones expresadas, aunque se omita la mera ritualidad de la previa inscripción, "puesto que el dominio pasa directamente del deudor al comprador o adjudicatario." La Real Orden no puede referirse a hipotecas constituídas por la voluntad de los herederos o por su omisión en pagar las contribuciones sobre el inmueble originadas después de la muerte del deudor o tercer poseedor como ocurre en casos de hipoteca legal.

Las contribuciones que sirvieron de base al procedimiento de apremio y que culminaron en la venta de las fincas al recurrente corresponden a los años 1930–31 y 1931–32. El dueño, Pedro A. Puig y Coll, falleció en primero de abril de 1930. De modo que la cantidad adeudada al Pueblo de Puerto Rico parte de una fecha posterior a su muerte, no pudiendo prescindirse en este caso de la inscripción previa a favor de los herederos, aun en la hipótesis de que fuese aplicable el Real Decreto de 1896, si se tratara de contribuciones devengadas durante la vida del Sr. Puig.

*Debe confirmarse la nota recurrida.*