FÉLIX NIEVES PELUYERA, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE CAGUAS, recurrido.

Núm. 1204.—*Sometido:* Febrero 24, 1947. *Resuelto:* Marzo 5, 1947.

*Luis Mendín,* abogado del recurrente; el registrador recurrido compareció por escrito.

EL JUEZ PRESIDENTE SEÑOR TRAVIESO emitió la opinión del tribunal.

El Colector de Rentas Internas de Aguas Buenas siguió un procedimiento de apremio contra el contribuyente José Ayala Falcón o su sucesión compuesta de su viuda María Nieves y ocho hijos todos mayores de edad, para el cobro de contribuciones correspondientes a los años 1939-40 y 1940-41, ascendentes a $54.56; y para hacer efectivo el cobro de dicha suma embargó y vendió en pública subasta una finca de 60 cuerdas de terreno y una casa, las cuales fueron adjudicadas al aquí recurrente.

En el certificado de compra de bienes inmuebles entregado por el colector al comprador, se hace constar que tan pronto como fué recibido el certificado de embargo debidamente registrado, se dictó notificación de embargo "habiéndose notificado del embargo a Juan Reyes, mediante la entrega de una copia de la notificación de embargo con fecha 17 de diciembre de 1940, éste *como condueño y contribuyente,* a tenor de lo que disponen los artículos 336 y 342 del Código Político." Se hace constar, además, que "según lo dispone el artículo 315 del Código Político de Puerto Rico, se ha notificado de esta venta a la Sucn. de José Ayala Falcón compuesta de su viuda doña María Nieves y de sus hijos mayores de edad, etc."

Presentado el certificado de compra para su inscripción en el Registro de la Propiedad de Caguas, el Registrador denegó la inscripción "por constar del Registro que la finca objeto de la subasta figura inscrita a favor de José Ayala Falcón, y no a favor de la Sucesión de éste compuesta de las personas mencionadas en dicho certificado, contra quienes fué seguido el procedimiento." El documento fué retirado en noviembre 1, 1946; y habiendo sido presentado de nuevo, después de haberse inscrito la declaratoria de herederos de José Ayala, volvió el Registrador a denegar la inscripción "por resultar que el embargo de la finca aparece notificado a Juan Reyes, *como condueño y contribuyente,* sin que tal ca-

rácter se haya acreditado en este Registro, y resultar inscrita la finca a favor de la Sucesión de José Ayala Falcón y de María Nieves Falcón Alicea, compuesta de Juliana, Angel, Gabriela, Irene, Dolores, Mónica, Eladio Ayala Falcón, de Felipa Rivera Ayala y de Carmelo Machuca, mayores de edad, es a estos componentes de ambas sucesiones a quienes ha debido notificarse el embargo, de acuerdo con lo prescrito en los arts. 336 y 342 del Código Político, cuya notificación es la que da jurisdicción al colector para proceder a la venta en pública subasta de la finca embargada.''

Sostiene el recurrente que la notificación del embargo de la finca fué hecha a Juan Reyes, como *''contribuyente y vecino''*, y no como *''condueño y contribuyente''*, según se hace constar en el certificado de compra; y alega que esa notificación, la cual presenta, se ajusta a los preceptos de los ya citados artículos del Código Político.

De la copia certificada de la resolución sobre declaratoria de herederos de don José Ayala Falcón, presentada por el recurrente, resulta que dicho señor, dueño del inmueble objeto de la subasta, falleció intestado el día 15 de julio de 1933, dejando como sus únicos y universales herederos a su viuda y a los hijos ya mencionados. Correspondiendo las contribuciones que se trataba de cobrar, a los años 1939-40 y 1940-41, es evidente que los deudores de las mismas eran los componentes de la Sucesión de José Ayala Falcón.

El artículo 336 del Código Político provee el procedimiento para efectuar el embargo de bienes y dispone que después de recibir el consentimiento escrito del Tesorero, el Colector dictará una notificación escrita de ''embargo de la propiedad mueble del contribuyente moroso''; y que ''dicho embargo será ejecutivo tan pronto como se haya notificado de él, haciendo la entrega de una copia de la notificación a algún miembro de la familia o dependiente mayor de edad.'' Dispone además el citado artículo, que ''cuando el Colector o

agente no encuentren a ningún miembro de la familia o dependiente del deudor, llamará a dos vecinos como testigos de la entrega de dicha notificación de embargo, y dejará dicha notificación en poder de los testigos citados, y si no se encontrasen vecinos dispuestos a hacerse cargo de la notificación, se fijará o pegará ésta en los efectos, muebles u otra propiedad de dicho deudor, después de lo cual dicha notificación de embargo se considerará como entregada al deudor.''

El artículo 339 del Código Político autoriza al Tesorero para ordenar el embargo y venta de bienes inmuebles, cuando el contribuyente no tiene bienes muebles sujetos a embargo o cuando dichos bienes no fuesen suficientes para cubrir el importe de las contribuciones. El artículo 342 del mismo Código dispone que al recibo de la orden de embargo expedida por el Tesorero y del certificado del Registrador, ''el Colector dará aviso al dueño de dicha propiedad en la forma que determina el artículo 336 de este título, al efecto de que si todas las contribuciones, penalidades y costas adeudadas por dicho dueño no fueren satisfechas dentro del período de tiempo que más adelante se prescribirá para el anuncio de la venta de dicha propiedad, ésta será vendida en pública subasta.''

Interpretando el artículo 336 del Código Político, este Tribunal resolvió en *González* v. *Pirazzi*, 23 D.P.R. 399, 406, en donde la notificación del embargo se hizo a uno sólo de los varios dueños de la finca, lo siguiente:

''En la fecha del embargo y de la venta los verdaderos dueños de la finca con derecho inscrito eran no solamente Natalio González sino también los apelantes, y todos tenían derecho a la notificación según las disposiciones del Código Político como de la ley en general. (Citas.) En este caso los dueños de la finca no fueron notificados sino solamente uno de ellos. No importa que el artículo 336, supra, exprese que la notificación debe hacerse a un miembro de la familia. La familia a que se refiere dicho artículo se supone de antemano que es la familia que vive en el lugar. Un primo no es un miembro de la familia de los primos, condueños que viven separados. Creemos que este razonamiento se desprende del mismo artículo 336 y de otros

artículos del Código Político. La teoría correcta es que la notifica-
ción debe hacerse a los dueños, a sus familiares si éstos se encuentran
en el sitio, o se dejará en poder de los testigos cuando no pueden ha-
llarse todos los dueños."

En el presente caso el embargo de la finca no fué notifi-
cado a ninguna de las nueve personas que componían la Su-
cesión de José Ayala Falcón, quienes eran en aquella fecha
los dueños de la finca y deudores de la suma reclamada por
el Tesorero. Del certificado presentado al Registro no apa-
rece que el Colector hiciera gestión alguna para notificar a
los dueños del inmueble, no obstante aparecer del mismo cer-
tificado que todos ellos eran residentes del Barrio Sumidero
de Aguas Buenas, que es el mismo barrio en que radica la
finca. Tampoco aparece que la copia de la notificación hu-
biese sido entregada a algún miembro de la familia o algún
dependiente mayor de edad, residente en la finca embargada.
En el certificado se hace constar afirmativamente que la co-
pia de la notificación fué entregada a Juan Reyes, como con-
dueño y contribuyente. La declaratoria de herederos y la
certificación del registrador, presentadas por el recurrente,
demuestran que los únicos dueños del inmueble en la fecha
en que se practicó el embargo eran los herederos de José
Ayala Falcón, ninguno de los cuales fué notificado del em-
bargo. No siendo Juan Reyes condueño de la finca, hecho
que admite el recurrente, tenemos, pues, que la notificación
del embargo se hizo a Juan Reyes, un perfecto extraño, en su
carácter de "contribuyente". Y aun cuando aceptáramos
como cierto que la copia de la notificación fué entregada a
Juan Reyes "como contribuyente o vecino", siempre tendría-
mos que llegar a la conclusión de que la notificación del em-
bargo no se ajustó al estatuto, pues éste no autoriza la noti-
ficación a un "contribuyente", ni tampoco a un "vecino".
Es solamente cuando el colector no puede encontrar al deu-
dor o a algún miembro de la familia o dependiente residente
en la finca, que la ley autoriza al Colector para llamar dos
vecinos—y no uno solo—como testigos de la entrega de la no-

6

tificación del embargo, dejando en poder de dichos dos testigos la copiá de la notificación.

██ La notificación de la venta, hecha por el Colector a la Sucesión dueña del inmueble, en nada puede cambiar la situación creada por la falta de notificación del embargo. El artículo 315 del Código Político dispone que en todos los casos en que se embarguen y vendan bienes raíces para el pago de contribuciones, el Tesorero "notificará la inscripción de dicha venta a todas las personas que tuvieren una hipoteca o gravamen sobre dicha propiedad, consignando en la notificación la fecha de la venta, la suma en que se hubiere vendido la propiedad y los demás datos que estimare oportunos." El propósito de dicha notificación a los acreedores hipotecarios o dueños de gravámenes es poner a éstos en conocimiento de lo ocurrido para que puedan hacer uso del derecho de redención que les concede el artículo 348 del mismo Código. El artículo 315 no impone al Tesorero la obligación de notificar la venta al dueño de la finca vendida en pública subasta; y es obvio que así sea, pues debe presumirse que el contribuyente cuya propiedad ha de venderse en pública subasta ha sido suficientemente informado si y cuando el Colector cumple con los requisitos de los artículos 342 y 343 del Código Político. La falta de notificación del embargo no quedó suplida o subsanada por la notificación de la venta. El embargo de propiedades para el cobro de contribuciones no será ejecutivo mientras no haya sido notificado en la forma prescrita por los artículos 336 y 342 del Código Político.

*La nota recurrida debe ser confirmada.*