LA AUTORIDAD DE LAS FUENTES FLUVIALES DE PUERTO RICO, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE PONCE, recurrido.

Núm. 1266.—*Sometido:* Noviembre 6, 1950. *Resuelto:* Noviembre 17, 1950.

848

*Gabriel Guerra-Mondragón, Antonio M. Bird, José Vila Ruiz* y
*C. Domínguez Rubio,* abogados de la recurrente; el Regis-
trador recurrido compareció por escrito.

EL JUEZ ASOCIADO SEÑOR MARRERO emitió la opinión del tribunal.

La Autoridad de las Fuentes Fluviales de Puerto Rico presentó para su inscripción en el Registro de la Propiedad de Ponce copia certificada de la escritura de constitución de servidumbre de paso de líneas de transmisión de energía eléctrica, otorgada a su favor en 14 de noviembre de 1949 por Tomás Santiago y esposa. Acompañó a dicha escritura copia certificada del certificado de compra de bienes inmuebles librado en 30 de agosto de 1949 por el Tesorero de Puerto Rico, acreditativo de haberse seguido allá para el año 1938 procedimiento de apremio contra Juan Santiago Santiago, "cuyas circunstancias personales y paradero se ignoran" y de que como resultado del mismo una finca rústica con cabida de 21 cuerdas de terreno situada en el Barrio Jagua del Municipio de Peñuelas fué adjudicada a Luis Maldonado Santiago; así como copia certificada de la escritura de venta otorgada por Luis Maldonado Santiago y esposa a favor de Tomás Santiago. El registrador de la propiedad de Ponce se negó a practicar operación alguna en el Registro de la Propiedad a su cargo, según aparece del siguiente documento que figura en autos:

"El Lcdo. Celestino Domínguez Rubio, como abogado de la Autoridad de las Fuentes Fluviales de Puerto Rico, ha presen-

tado a la 1:50 de la tarde del día 9 de diciembre de 1949, al folio 166 del tomo 280 del Diario, para que se inscriba o anote en este Registro el documento adjunto, que es copia del duplicado del Certificado de Compra expedido en el caso del embargo número 906-1365, seguido por el Colector de Rentas Internas de Peñuelas contra el contribuyente moroso, Juan Santiago Santiago, dicha copia expedida y certificada con fecha treinta de agosto de mil novecientos cuarenta y nueve por S. L. Descartes, Tesorero de Puerto Rico, a solicitud del señor Gabriel Guerra Mondragón, Consultor Jurídico de la Autoridad de las Fuentes Fluviales de Puerto Rico.

"Acompaña el Lcdo. Domínguez a la indicada copia, el certificado original en el caso de referencia.

"El Registrador que suscribe calificó el certificado original en el caso de referencia, con vista de la partida de defunción de Juan Santiago y Santiago, y con fecha diez de junio de mil novecientos cuarenta, denegó la inscripción entonces solicitada por los motivos que se expresaron en la nota puesta al pie del referido original, cuya nota que se transcribe del mismo, dice así:

" 'Con vista de copia certificada del acta de defunción de Juan Santiago Santiago se DENEGÓ la inscripción de este certificado de compra y se anotó por 120 días la venta a que se contrae a favor de Luis Maldonado Santiago al folio 154 vto. del tomo 27 de Peñuelas, finca número 1384, anotación letra A con el DEFECTO SUBSANABLE de no expresarse en el documento la equivalencia de la finca al sistema métrico decimal, por los motivos siguientes: (1) que a pesar de haber fallecido Juan Santiago Santiago más de once años antes de haberse iniciado el procedimiento de apremio contra él, sus herederos no han sido parte en el procedimiento ni tienen inscrita a su favor la finca vendida y (2) que esta venta no ha sido notificada en debida forma a los efectos de los Artículos 347 y 348 del Código Político. La finca no tiene cargas. Ponce, P. R., a 10 de junio de 1940. El Registrador (fdo.) Miguel Planellas.

" 'Notificada esta negativa hoy, como presentante del documento. Ponce, a diez y nueve de junio de 1940. (fdo.) F. Zapater, Jr.'

"Por tal razón devuelvo al presentante la susodicha copia y el susodicho original sin practicar operación alguna en el Registro de la Propiedad a mi cargo. Ponce, P. R., a 5 de enero de 1950. El Registrador. (fdo.) Miguel Planellas."

Contra esa actuación del registrador acude ante nos en recurso gubernativo la recurrente.

 No procedió acertadamente el registrador recurrido al negarse a practicar operación alguna en el registro a su cargo basado en el mero hecho de que previamente hubiera denegado la inscripción del certificado original de compra de propiedad inmueble presentádole. La aquí recurrente era, sin duda, parte interesada en la inscripción del derecho real de servidumbre existente a su favor y el hecho de que previamente se hubiese denegado la inscripción del certificado de compra solicitada por el adquirente de la propiedad en pública subasta no era óbice para que ella acudiera al registrador en solicitud de la inscripción del derecho real mencionado. *Colón* v. *Registrador*, 67 D.P.R. 17; *Bermúdez* v. *Registrador*, 41 D.P.R. 391; *Riera* v. *Registrador*, 23 D.P.R. 540. Por otra parte, el hecho de que Maldonado Santiago, adquirente de la propiedad en pública subasta, no apelara de la nota denegatoria no puede perjudicar en forma alguna los derechos de un interesado que en nada intervino en el registro al solicitarse la inscripción del certificado original de la compra del inmueble. *Jiménez* v. *Registrador*, 62 D.P.R. 353. Y como la actuación del registrador al negarse a practicar operación alguna en el registro equivale prácticamente a la denegación de la inscripción, el recurso instado cabe contra tal actuación. *Sucesión Franceschi* v. *Registrador*, 39 D.P.R., 736, 743.

 Sostiene la recurrente en síntesis que el registrador recurrido no podía tomar en consideración en forma alguna el acta de defunción de Juan Santiago Santiago, persona a cuyo nombre figuraba inscrita en el registro de la propiedad la finca objeto del procedimiento de apremio. Discrepamos de ese criterio. Si bien de acuerdo con el artículo 18 de la Ley Hipotecaria "Los Registradores calificarán bajo su responsabilidad la legalidad de las escrituras en cuya virtud se solicite la inscripción y la capacidad de los otorgantes por lo que resulte de las mismas escrituras" y si bien a tenor con

el artículo 77 del Reglamento para la ejecución de la misma "El registrador considerará, conforme a lo prescrito en el artículo 18 de la ley, como faltas de legalidad de los documentos o escrituras cuya inscripción se solicite, todas las que afecten, tanto a la forma de los instrumentos como a la eficacia de las obligaciones o derechos contenidos en los mismos, siempre que resulten del texto de dichos documentos o escrituras o puedan conocerse por la simple inspección de ellos", sin embargo, el acta de defunción de Juan Santiago Santiago, demostrativa de que éste había fallecido años antes de la iniciación del procedimiento de apremio, era un documento que podía y debía ser considerado por el registrador al inscribir o denegar la inscripción del certificado de compra del inmueble objeto del mismo, ya que la referida acta le fué presentada en unión a dicho certificado y él la tuvo ante sí al hacer la calificación del documento presentádole.

Conforme dice el ilustre tratadista Morell y Terry en sus Comentarios a la Legislación Hipotecaria, tomo segundo, página 241 "El Registrador debe calificar por lo que resulte del documento presentado a inscripción; pero también por lo que resulte del Registro, ya en asientos, ya en otros documentos presentados y obrantes en él." Este mismo tratadista nos dice también a las páginas 252 y 253 del indicado volumen de su citada obra que "Un poder, . . . la declaración de herederos abintestato. . . *partidas de nacimiento o defunción*. . . son documéntos necesarios en determinados casos para que la inscripción se practique y han de ser debidamente calificados por lo que resulte de los mismos." (Bastardillas nuestras.)

El acta de defunción de Santiago Santiago al serle presentada al registrador, con el certificado original, como hemos dicho, podía y debía ser considerada por éste al hacer su calificación. Y si posteriormente se le presentó por la Autoridad de las Fuentes Fluviales de Puerto Rico copia certificada de una escritura de servidumbre sobre la misma

finca, acompañada de los documentos ya reseñados, el registrador al hacer la nueva calificación podía y debía tomar en consideración las constancias del registro, entre las cuales figuraba la de que la persona a cuyo favor aparecía inscrita la finca objeto del procedimiento de apremio había muerto años antes de tramitarse el mismo. *Adorno* v. *Registrador*, 63 D.P.R., 225; *La Plata Tobacco Co.* v. *Registrador de la Propiedad*, 20 D.P.R. 29, 32.

Habiendo fallecido Juan Santiago Santiago para la fecha en que se tramitó el procedimiento de apremio, éste no podía ser válidamente seguido en su contra ni notificado a Agripina Santiago como familiar suyo. Debió seguirse contra sus herederos. *Nieves Peluyera* v. *Registrador*, 67 D.P.R. 1; *Cortés* v. *Registrador*, 58 D.P.R. 12; cf. *Soto* v. *Registrador*, 58 D.P.R. 15. El registrador actuó, pues, acertadamente al denegar originalmente la inscripción del certificado de compra del inmueble y, por ende, la de la escritura de servidumbre, ya que para inscribir la recurrente su derecho real era menester que a tenor de lo provisto por el artículo 20 de la Ley Hipotecaria ([1]) los títulos de sus predecesores estuviesen inscritos, y no lo estaban. Véase también *Zayas Pizarro* v. *Registrador*, 46 D.P.R. 610.

*Debe confirmarse la nota recurrida.*

---

([1]) El artículo 20 de la Ley Hipotecaria provee en parte como sigue:

"Para inscribir o anotar los títulos en que se transfiera o grave el dominio o la posesión de bienes inmuebles o derechos reales, deberá constar previamente inscrito o anotado el derecho de la persona que otorgue o en cuyo nombre se haga la transmisión o gravamen.

"Los Registradores denegarán la inscripción de dichos títulos mientras no se cumpla este requisito, siendo responsables directamente de los perjuicios que causen a un tercero por la infracción de este precepto.