*955 Opinión disidente emitida por la
Jueza Asociada Oronoz Rodríguez.
Cuando transcurren quince años y la Registradora de la Propiedad no califica un documento, no se trata de una mera demora, sino —de facto— de una denegatoria a calificar. En tales circunstancias, este Tribunal tiene jurisdicción para intervenir y ordenarle a la Registradora que califique el documento. Como una mayoría de este Tribunal resuelve de otra forma, disiento.
I
Mediante este Recurso Gubernativo, el Centro de Recaudación de Ingresos Municipales (CRIM) nos solicita que le ordenemos a la Registradora de la Propiedad de la Sección de Humacao, la Hon. Lourdes M. Bobé Santiago (Registradora), calificar la Escritura núm. 6 de 11 de mayo de 1995 sobre Cancelación de Condiciones Restrictivas, Segregación, Permuta y Agrupación (Escritura núm. 6). Esta fue otorgada por Intel Puerto Rico, Inc. ante el notario Esteban R. Bengoa Becerra y se presentó al Asiento 127 del Diario de Operaciones 736 del Registro de la Propiedad (Registro), Sección de Humacao, el 1 de agosto de 2000.
Una mayoría de este Tribunal desestima el Recurso Gubernativo por falta de jurisdicción al concluir que “no estamos ante una negativa a calificar con carácter de calificación final y que para todos los efectos prácticos cierre el Registro a la parte interesada”.(1) Aun reconociendo que después de quince años todavía la Registradora no ha calificado la Escritura núm. 6, la mayoría remite al CRIM para un procedimiento administrativo en el que ventile su reclamo.
*956 Según el Reglamento Núm. 7988,(2) dicho procedimiento conlleva que el CRIM le requiera por escrito a la Registradora que cumpla con el término aplicable para calificar en un plazo no mayor de treinta días.(3) Reglamento Núm. 7988, supra, págs. 6-7. En caso de que ésta no actúe, el CRIM podrá presentar una querella ante un funcionario designado por el Secretario de Justicia. Id., pág. 7. Según la Ley Núm. 216-2010, denominada Ley para Agilizar el Registro de la Propiedad (Ley Núm. 216), el Registrador será sancionado disciplinariamente sólo cuando el incumplimiento con los plazos se deba a razones atribuibles únicamente a su conducta. 30 LPRA sec. 1824.(4) Es evidente que dicho procedimiento es uno disciplinario; que no tiene ningún efecto sobre el documento presentado para calificación. L.R. Rivera Rivera, Derecho registral inmobiliario puertorriqueño, 3ra ed., San Juan, Jurídica Editores, 2012, pág. 277.
La Opinión mayoritaria cita varios casos para demostrar que este Tribunal se ha negado a intervenir con el Registrador cuando éste meramente se demora en el proceso de calificación. En cuanto a dichos casos, entiendo pertinente señalar que el tiempo que transcurrió en el proceso de calificación no se compara con el que tenemos ante nuestra consideración. A saber, en SLG-Pérez Rivera v. Re *957 gistradora, 189 DPR 729 (2013), la Registradora se demoró más de cinco meses en atender el escrito de recalificación; en Senior Las Marías Corp. v. Registrador, 113 DPR 675 (1982), el Registrador se tardó ochenta y ocho días en atender dicho escrito, y en Algarín v. Registrador, 110 DPR 603 (1981), el Registrador notificó un defecto, la parte lo objetó el 3 de julio de 1980 y, al no tener respuesta del Registrador, interpuso un Recurso Gubernativo el 4 de octubre de 1980, es decir cuando habían transcurrido tres meses. Ninguno se compara al término transcurrido en este caso.
A diferencia de lo expuesto por la Opinión mayoritaria, considero que nos encontramos ante una denegatoria de la Registradora a calificar el documento presentado. Me parece improcedente catalogar un término de quince años como una tardanza o demora en calificar. Máxime cuando la Ley Núm. 216 estableció un plazo improrrogable de dos años para calificar los documentos que no quedaran inscritos automáticamente en virtud de dicha ley. Ese término se estableció, entre otras cosas, para evitar que se notifiquen faltas diez o quince años después de la presentación del documento, las cuales no se puedan resolver sin que el notario o la parte interesada incurran en gastos adicionales por el tiempo que ha transcurrido. Exposición de Motivos de la Ley Núm. 216-2010.
El recurso gubernativo presentado por el CRIM es el mecanismo correcto para defender su interés. Hemos expresado que procede un recurso gubernativo cuando el Registrador se niega a calificar el documento presentado, ya que ésta “es la más radical y absoluta forma de denegar o suspender la inscripción y [...] esa negativa, bien o mal fundada, en efecto cierra el Registro a la parte interesada en la inscripción [...]”. Housing Inv. Corp. v. Registrador, 110 DPR 490, 500 (1980). Véanse: Autoridad de Fuentes Fluviales v. Registrador, 71 DPR 847, 850 (1950); Sucesión Franceschi v. Registrador, 39 DPR 736, 743 (1950). Asimismo, resolvimos que procede el recurso ante una nota del Registrador que *958 como cuestión de hecho deniegue la inscripción, aunque no surja expresamente de la misma. Housing Inv. Corp. v. Registrador, supra, pág. 500. Ante dichas expresiones, se puede concluir que no hace falta necesariamente una expresión manifiesta por parte del Registrador denegando la calificación del documento para que este Tribunal intervenga. Tal y como reconoce el profesor Luis Rafael Rivera Rivera, lo anterior conlleva ciertas dificultades ya que cuando no se esté ante un caso en el cual el Registrador expresamente se haya negado a calificar pudiera ser difícil precisar si éste se ha negado o si estamos ante una demora. Rivera Rivera, op. cit., pág. 277. Sin embargo, el hecho de que haya alguna dificultad no puede ser impedimento para actuar y ofrecer un remedio a la parte que espera porque se califique su documento. Debemos, pues, verlo caso a caso.
Reconozco que en este caso no hay un documento del cual suija expresamente que el Registrador se negó a ejercer su deber.(5) No obstante, entiendo que cuando han transcurrido quince años desde la presentación de un documento para su inscripción sin que el Registrador lo haya calificado, ello constituye una abdicación manifiesta de su deber y dicha actuación implica una denegatoria a calificar.(6) Siendo, pues, una denegatoria, se permite la pre *959 sentación de un recurso gubernativo y la intervención de este Tribunal.
La negativa del Registrador a calificar crea incertidumbre e inestabilidad en el tráfico jurídico de bienes inmuebles, lesiona derechos de ciudadanos, afecta las transacciones comerciales y tiene un impacto real en el desarrollo económico del País. En el caso particular ante nos, la denegatoria de la Registradora a calificar la Escritura núm. 6 le impide al CRIM subastar las fincas para cobrar su acreencia.(7) Además, y según se alega, como consecuencia de la negativa a calificar —y ante la imposibilidad de venderlas en pública subasta— las fincas se han ido deteriorando debido al abandono en el que se encuentran, para detrimento de la agencia y del municipio de Las Piedras.(8) Asimismo, debido a que estamos ante un mandato del legislador que requiere que se califiquen los documentos en dos años, el incumplimiento con dicho término contraviene la política pública que se quiso adelantar.
Puesto que “la calificación registral constituye la piedra angular del principio de legalidad”,(9) así como un acto necesario que los Registradores están obligados a realizar,(10) ordenaría a la Registradora que cumpla con su deber y califique la Escritura núm. 6.(11) Véanse: Bechara Fagundo v. Registradora, 183 DPR 610, 619 (2011); R & G Premier Bank P.R. v. Registradora, 158 DPR 241, 246 (2002); Ri *960 vera Rivera, op. cit., pág. 277. No debemos realizar una interpretación inflexible de la situación ante nosotros, con el efecto de negarle un remedio a una parte que claramente tiene derecho al mismo.

 Opinión mayoritaria, pág. 952.

 Reglamento para la Ejecución de la Ley Núm. 216 de 27 de diciembre de 2010, conocida como Ley para Agilizar el Registro de la Propiedad, Reglamento Núm. 7988, Departamento de Justicia, 4 de febrero de 2011, págs. 6-7.

 En este caso, el Centro de Recaudación de Ingresos Municipales (CRIM) le envió dos cartas a la Registradora —el 2 de octubre de 2014 y el 10 de noviembre de 2014— para indagar sobre el estatus de la calificación de la Escritura núm. 6 y señalar la importancia de dicha gestión.

 Por otro lado, el Art. 66.3 del Reglamento General para la Ejecución de la Ley Hipotecaria y del Registro de la Propiedad disponía que si el Registrador incumplía con los términos para calificar, el interesado podía presentar una queja contra éste y de ser necesario ante el Director Administrativo. El Director Administrativo haría una investigación y ordenaría al Registrador que tomara la acción que correspondiera, de no existir causa justificada para la tardanza. Si el Registrador no realizaba lo ordenado, el Director Administrativo se lo informaría al Secretario de Justicia, el cual impondría las medidas correctivas pertinentes mediante el procedimiento de jurisdicción disciplinaria establecido. Reglamento General para la Ejecución de la Ley Hipotecaria y del Registro de la Propiedad, Reglamento Núm. 2674, Departamento de Justicia, 9 de julio de 1980, según enmendado.

 Sin embargo, el CRIM expone en su Recurso Gubernativo que, luego de enviar la segunda carta, la Registradora llamó al Director Ejecutivo del CRIM y le informó de su negativa a calificar la Escritura núm. 6. Asimismo, le invitó a ejecutar la hipoteca legal tácita que grava las fincas. Recurso Gubernativo, pág. 7. A pesar de entender que en este caso el Registrador se negó a calificar al no realizar acto alguno en quince años, la llamada de la Registradora demuestra de forma aún más tajante la situación de incertidumbre en la cual se encuentra el CRIM. Además, el CRIM indica que la solución que provee la Registradora no es viable en derecho porque la hipoteca legal tácita que se constituye en virtud de la Ley Hipotecaria y del Registro de la Propiedad es por el importe de las contribuciones correspondientes sólo a los últimos cinco años y el corriente, lo cual no alcanza la totalidad de la deuda que reclama el CRIM. íd., págs. 7-8; 30 LPRA see. 2651. Por otro lado, dicha solución tampoco atendería el problema de titularidad registral de las fincas en cuestión. Recurso Gubernativo, pág. 8.

 Es necesario mencionar que para agosto de este año, el Registro de la Propiedad, Sección de Humacao, tenía pendientes para calificar 31,910 documentos. Véase Informes Estadísticos del Registro de la Propiedad, agosto 2015, http:// www.justicia.pr.gov/home/informes-estadisticos/ (última visita 1 de octubre de 2015).

 Recurso Gubernativo, pág. 6. Aunque el CRIM señala que está imposibilitado de subastar las fincas, en realidad no se trata de una imposibilidad en el sentido de que no puede venderlas, sino que pocos compradores van a arriesgar su dinero sobre unas fincas con posibles defectos sobre sus títulos.

 íd., pág. 8.

 “El principio de legalidad es uno de los principios axiales del derecho hipotecario. Exige que los títulos que pretenden acceder al Registro de la Propiedad sean sometidos a un examen previo, verificación o calificación, de suerte que sólo puedan tener acceso a los libros hipotecarios los títulos válidos y perfectos”. BL Investment v. Registrador, 173 DPR 833, 839 (2008).

 Huelga mencionar que la calificación de documentos es la función principalísima de un Registrador.

 En este caso, la denegatoria de la Registradora a calificar, en efecto, le cierra el Registro al CRIM, por lo que constituye una denegatoria y procede que este Tribunal le ordene, no a inscribirlo, sino a calificar el documento.